STATE OF MISSOURI, Upon the Relation of WALTER H. TOBERMAN, Secretary of State of Missouri, M. E. MORRIS, Director of Revenue of Missouri, and HUGH H. WAGGONER, Superintendent, Missouri State Highway Patrol, Relators, v. THE HONORABLE JOHN F. COOK, Judge, Division 2, Sixteenth Judicial Circuit of Missouri, Respondent, No. 44732—281 S.W. (2d) 777.

Court en Banc, September 12, 1955.

*John M. Dalton*, Attorney General, and *Will F. Berry, Jr.*, Assistant Attorney General, for relators.

*John M. Records* and *Tweedie Fisher* for respondent.

[778]  HOLLINGSWORTH, J.—Original proceeding in prohibition. Relators, respectively, the Secretary of State of Missouri, the Director of Revenue of Missouri, and the Superintendent of Missouri State Highway Patrol, seek to prohibit respondent, Judge of the Sixteenth Judicial Circuit of Missouri, Division No. 2, from asserting and attempting to exercise jurisdiction over their persons in a certain cause, numbered 578,639, filed in the circuit court of Jackson County, at Kansas City, and pending before respondent, entitled Transport Manufacturing & Equipment Co., a Corporation, and Riss & Company, Inc., a Corporation, plaintiffs, vs. Walter H. Toberman, Secretary of State of Missouri, Missouri State Highway Commission, Harris D. Rodgers, Chairman, Missouri State Highway Commission, M. E. Morris, Director of Revenue of Missouri, Missouri State Highway Patrol, Col. Hugh H. Waggoner, Superintendent, Missouri State Highway Patrol, defendants.

Two issues are presented: (1) whether relators entered their general appearance in said suit and thereby waived any ground of com-

plaint against respondent, and (2) whether the petition in said suit states a cause of action under the popularly so-called Administrative Procedure and Review Act, §§ 536.010-536.140 RSMo 1949, V.A.M.S., so as to subject relators (as defendants in said action) to the venue provisions of § 536.050, the pertinent part of which reads as follows:. "The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules [of administrative agencies], or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole county, or in the county of the plaintiff's residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. * * *''

(All statutory references herein following are to RSMo 1949, V.A.M.S.)

The petition in said suit alleges:

1. It is an action for a declaratory judgment and injunction and venue thereof is conferred upon the Circuit Court of Jackson County under § 536.050.

2. Plaintiff Transport Manufacturing & Equipment Co., hereinafter referred to as "TM&E", is a corporation organized under the laws of Illinois, licensed to do business in Missouri and other states, and has a general office in Kansas City, Missouri. Riss & Company, hereinafter referred to as "RISS", is an intrastate and interstate common carrier of freight by motor vehicle, organized under the laws of Colorado, licensed to do business in Missouri and other states, has a general office in Kansas City, and holds proper certificates of convenience and necessity from each of the appropriate agencies of the various states through which it operates.

3. TM&E owns a large number of over-the-road tractor-trailer trucks which are leased to RISS. Some of these trucks bear title certificates and licenses from states other than Missouri. RISS concurrently has "lessee titles" and licenses to such vehicles in Missouri. In the conduct of its business, RISS has leased from TM&E and others large numbers of such vehicles. .

4. Defendants are administrative officials or agencies as defined in § 536.010 (1), [779] or members of such agencies, having jurisdiction or power to regulate interstate and intrastate motor carriers or power to require the purchase of motor vehicle registration plates and exact fees for the operation of motor vehicles over the highways of Missouri as prescribed by the statutes and Constitution of Missouri, or power to police and enforce such statutes and the policies, rules and regulations of defendant administrative officials or agencies.

5. During 1954 the Missouri State Highway Patrol, "acting upon requests, orders, directives, or rulings, the exact nature of which is unknown to these plaintiffs, issuing from and promulgated and disseminated by one or all of the other defendants or their agents separately or in concert with each other, but the exact origin of which is unknown to these plaintiffs, did arrest or cause to be arrested certain drivers who were agents and employees of plaintiff RISS while such drivers were operating tractor-trailer trucks in the service of plaintiff RISS, some of which trucks were owned by plaintiff TM&E, and some of which were owned by others, but all of which were under lease to plaintiff RISS; that said Missouri State Highway Patrol personnel issued summonses directing said RISS drivers to appear before magistrates in the counties of St. Louis, Franklin, Crawford, Phelps and Greene in Missouri and on occasion did take said drivers before such magistrates and did charge them with operating motor vehicles upon the highways of the State of Missouri with improper or invalid registration plates thereon in violation of RSMo 1949 Chapter 301 in that the plates were not Missouri registration plates, but were plates of other states; * * *."

6. Said acts and the threatened continuance thereof are doing and will do plaintiffs great and irreparable injury.

7. The aforesaid action of defendants "has been and is predicated upon a misinterpretation of RSMo 1949 Chapter 301 that by such statute RISS is the 'owner' of all commercial vehicles operated in its service such that those vehicles must be registered in Missouri and bear Missouri license plates."

8. The petition then alleges plaintiffs' conclusions of law as to the proper and lawful interpretation of Chapter 301, and especially § 301.010 (16) and § 301.270, the latter section authorizing non-residents to operate certain commercial motor vehicles in this state without registration or fee, provided the state in which such vehicles are registered extends like exemptions to vehicles registered under the laws of this state. The petition concludes with a prayer for findings (1) that RISS is not an "owner" within the meaning of Chapter 301; (2) that TM&E is entitled to reciprocity under § 301.270; and for injunctive relief.

Upon the filing of the petition in said action, summons was served upon the defendants named therein (including relators) in Cole County and not elsewhere, and respondent, without hearing, caused to be issued to the defendants in said suit (including relators) an order temporarily restraining them from arresting or causing the arrest of RISS employees operating motor vehicles leased from TM&E.

Thereafter, relators, expressly limiting their appearance to the purpose of the motion, moved to dismiss the suit for lack of jurisdiction, alleging therein (1) that each of them was a state officer

having an office in Cole County; (2) that neither of them had been personally served with process in Jackson County; and (3) that said suit was not one for a declaratory judgment respecting the validity of any rule or threatened application of any rule within the meaning of § 536.050. The motion was by respondent overruled and this proceeding ensued.

It is admitted that none of the defendants in said suit resides in Jackson County and no suggestion is made that there is any provision of law authorizing the filing of said suit against them or either of them in Jackson County, other than the limited authority of § 536.050.

■ [780] Respondent insists that inasmuch as relators in their motion to dismiss objected only "to the jurisdiction over their person for the sole purpose of the Declaratory Judgment proceeding, but did not object to jurisdiction over their person in the Temporary Restraining Order proceeding", they have entered their general appearance in the Jackson County Circuit Court and cannot now complain of improper venue. In the motion to dismiss, as above stated, relators appeared specially and only for the purpose of the motion. They prayed an "order of the circuit court finding that it does not have jurisdiction of the persons of movants and that the proper venue of this cause is not in the circuit court for the County of Jackson, State of Missouri." In refraining from asking any further or affirmative relief, relators did only what under the old civil code was generally done in order to avoid a charge of having invoked the jurisdiction of the court by asking affirmative relief and thereby pleading themselves into an entry of appearance, and which, under the new civil code, they are no longer so strictly required to refrain from doing. §§ 509.290 (2) and 509.340. Obviously, if respondent had not and could not acquire jurisdiction over the persons of defendants in said action, then his temporary restraining order would be inoperative in any event. Relators did not enter their general appearance in the Jackson County Circuit Court.

■ In determining the merits of this proceeding we are not concerned whether the plaintiffs in the suit in question have pleaded or can amend their petition so as to plead a cause of action against the defendants named therein. Our only concern is whether the petition states or can be amended to state a cause of action that gives rise to the special venue provisions of § 536.050. If the facts pleaded in the petition show that they do not and cannot present a justiciable issue as to the validity of a rule or rules (promulgated by relators as administrative agencies) or of the threatened applications thereof by them within the meaning and fair intendment of the so-called Administrative Procedure and Review Act, then venue of said action does not lie in Jackson County. In other words, the plaintiffs in said action may not by mere allegation in their petition that venue lies in

Jackson County under § 536.050 subject relators to the special (and onerous) venue provisions thereof. This for the reason that, unless otherwise provided by statute, the venue of actions against executive heads of departments of state government lies generally in the county in which their offices are located and their principal official duties are performed, State ex rel. Gardner v. Hall, 282 Mo. 425, 221 S.W. 708, 711-712, and we judicially know that relators are heads of executive departments of state government and their offices are located in and their principal official duties are required to be performed at the State Capital in Jefferson City.

The word "rule", as used in § 536.050, means, as defined in § 536.010, "every regulation, standard, or statement of policy or interpretation of general application * * * adopted by an agency * * * to implement or make specific the law enforced or administered by it or to govern its organization or procedure * * *." Section 536.020 provides that a certified copy of every rule promulgated under the Administrative Procedure and Review Act shall be filed in the office of the secretary of state and that such rules become effective ten days after filing unless a later date is required by statute or in the rules. See also Art. IV, § 16, Constitution of Missouri. Nowhere in the petition do the plaintiffs in said action plead any rule or attack the validity of any rule promulgated by relators, or any of them, or any threatened application of any such rule, within the meaning of said act. What the petition really seeks is a judicial declaration that RISS drivers are not guilty of any criminal violation of Chapter 301, relating to registration of commercially operated motor vehicles and that highway patrolmen should therefore be enjoined from arresting them. Such a declaration involves judicial construction of a statute as distinguished [781] from any rule made by relators or any of them.

It appearing that respondent does not have jurisdiction over the persons of relators but does assume so to have, prohibition is the proper remedy. State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W. 2d 304, 307 [8]; State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W. 2d 393, 396 [4].

Our provisional rule in prohibition is made absolute. All concur.