STATE of Missouri ex rel. CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant,

v.

PUBLIC SERVICE COMMISSION of the State of Missouri, Respondent.

No. 53248.

Supreme Court of Missouri, Division No. 1.

July 8, 1968.

Hale Houts, Thad C. McCanse, Neal E. Millert, Houts, James, McCanse & Larison, Kansas City, for relator-appellant Chicago, R. I. and P. Ry. Co.

Jeremiah D. Finnegan, Acting Gen. Counsel, Missouri Public Service Commission, Jefferson City, for respondent.

HOUSER, Commissioner.

This is an appeal from a judgment of the circuit court affirming an order of the public service commission requiring a railroad to construct and maintain flashing light signals at a railroad crossing.

Appellant seeks to invoke the jurisdiction of this Court on two grounds: that the amount in dispute exceeds $15,000 and that the case involves the construction of the federal and state constitutions.

We do not have jurisdiction on either of these grounds, or any other, and the cause must be transferred to the appropriate court of appeals.

### I. Amount in dispute?

Where as here the suit is not one for a money judgment the test of our jurisdiction is " 'the money value of the relief to plaintiff, or of the loss to defendant, should the relief be granted, or vice versa, should the relief be denied.' "

Superior Press Brick Co. v. City of St. Louis, Mo.Sup., 152 S.W.2d 178, 183; Bauer v. City of Berkeley, Mo.Sup., 278 S.W.2d 772; Koch v. Board of Regents, etc., Mo.Sup., 256 S.W.2d 785. The "value" or "amount in dispute" must affirmatively appear from the record without conjecture or speculation. Emerson Electric Mfg. Co. v. City of Ferguson, Mo.Sup., 359 S.W.2d 225, 228; Nemours v. City of Clayton, 351 Mo. 317, 172 S.W. 2d 937. It is not the amount which may be affected by the result of the case. It is the amount actually involved in the suit. Emerson, supra, and authorities cited, 359 S.W.2d, l.c. 228.

Appellant asserts that the testimony shows that the cost of installation of the flashing lights ordered by the Commission would be $10,000 and the cost of maintenance would be "$500 a year for the life of the lights or their replacement amortized over the years in excess of $15,000 or a total involvement of some $25,000.00."

The amount actually involved in this suit as of the time of the judgment (the loss to the railroad if the order of the commission and circuit court is affirmed) is the cost of installing the signals. This is shown by the record to be $10,000, which is less than our jurisdictional amount of $15,000. The cost of annual maintenance ("around $500 a year") is contingent, conjectural and speculative. Annual maintenance would cease if the railroad should cease its operations, or if the line on which this crossing is located should be abandoned, or if a grade separation should be installed at this crossing.

In Kansas City Term. Ry. Co. v. Kansas City Transit, Inc., Mo.Sup., 339 S.W.2d 766, Terminal sued Transit for a declaratory judgment with respect to maintenance costs under a municipal ordinance and a contract. The essential issue was whether the obligation to share maintenance costs continued after the operation of streetcars over certain viaducts and subways was abandoned. The court awarded Terminal

$5,613.30 for its share of maintenance theretofore performed and held Transit liable to share the cost of maintenance after the substitution of buses for streetcars. Transit contended that more than $7,500 (the then monetary breaking point for jurisdictional purposes) was involved, based upon a 1955 survey estimating future maintenance costs at $145,000. This court declined jurisdiction, pointing out that at the time of the appeal the amount Terminal would spend in the future for maintenance was speculative and conjectural; that Transit would owe money only if and when Terminal accomplished maintenance, and that the record did not affirmatively show that the amount in dispute, independent of all contingencies, exceeded the jurisdictional amount.

Nor can the jurisdictional amount be pieced out by resort to the capitalization method. In Emerson, supra, an annexation case, this Court refused to consider depreciation of property, based upon the anticipated tax burden as capitalized, as a basis for the determination of jurisdiction.

Instructive in this connection are rulings of this Court refusing to commute or include in its determination of the jurisdictional amount any part of awards in workmen's compensation cases, Hardt v. City Ice & Fuel Co., 340 Mo. 721, 102 S.W.2d 592; Snowbarger v. M.F.A. Central Cooperative, Mo.Sup., 317 S.W.2d 390, and alimony cases, Stuart v. Stuart, Mo. Sup., 320 Mo. 486, 8 S.W.2d 613, wherein payments were ordered to be made in instalments over an extended period of time. While an employee might live long enough to eventually receive a sum in excess of the jurisdictional amount or a widow might not die or remarry before the payment of the last instalment, it cannot at the date of judgment be said with certainty that the instalments would not be cut off by the occurrence of these events in the future, and the jurisdictional amount thus never reached.

We cannot say in this case that the record affirmatively shows, as of the date of judgment, that independent of all contingencies, an amount in excess of $15,000 was involved.

## II. Constitutional Question?

Appellant attempted to raise a constitutional question in its original motion to dismiss and quash the commission's order requiring it to respond to the inquiry respecting the safety of the crossing, and to dismiss the case, in these words: "The order of the Commission and the docketing of this case by the Commission against Chicago, Rock Island and Pacific Railroad Company deprives said · company of its property without due process of law in violation of paragraph 1 of the 14th Amendment to the Constitution of the United States and Section 10 of Article I of the Constitution of Missouri [V.A. M.S.]." In its brief on appeal appellant makes the point that the report, order and decision of the commission "deprives relator of its property without due process of law in violation of paragraph 1 of the 14th amendment to the Constitution of the United States and Section 10 of Article I of the Constitution of Missouri," and "deprives appellant of * * * equal protection of the laws in violation of Section 1 of the 14th Amendment to the Constitution of the United States" and "is a burden on interstate commerce in violation of Article 1 of Section 8 of the Constitution of the United States."

Appellant has failed to properly raise a constitutional question. By their generality and lack of specificity these allegations do not state facts showing that a construction of the constitutional provisions cited is called for; they fail to relate facts which would constitute an alleged violation of the constitutional provisions sought to be invoked. Our jurisdiction on this ground may not be invoked in this manner. Wrigley Properties, Inc. v. City of Ladue, Mo.Sup., 369 S.W.2d 397; Kansas City v. Reed, 358 Mo. 532, 216

S.W.2d 514; Donovan v. Kansas City, 352 Mo. 430, 175 S.W.2d 874; Beck v. Kansas City Pub. Serv. Co., Mo.Sup., 37 S.W.2d 589; State v. Smith, Mo.Sup., 256 S.W. 468; State v. Euge, Mo.App., 349 S.W.2d 502; Bormann v. City of Richmond Heights, Mo.App., 213 S.W.2d 249. And see § 509.050 RSMo 1959, V.A.M.S. and Civil Rule 55.06, V.A.M.R., which provide that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the facts showing that the pleader is entitled to relief, * * *."

■ Merely asserting that some provision of the constitution has been violated, without alleging any supporting facts, is the assertion of a legal conclusion and does not constitute a satisfactory statement of facts. Marshall v. City of Gladstone, Mo.Sup., 380 S.W.2d 312; Georg v. Koenig, Mo.Sup., 370 S.W.2d 356; State ex rel. Coates v. Parchman, Mo.Sup., 346 S.W.2d 74; Goodson v. City of Ferguson, Mo.Sup., 339 S.W.2d 841; State ex rel. Barnett v. Sappington, Mo.Sup., 260 S.W.2d 669; State ex rel. Houser v. St. Louis Union Trust Co., Mo.Sup., 248 S.W.2d 592; Juengel v. City of Glendale, Mo. Sup., 161 S.W.2d 408; Bieser v. Woods, 347 Mo. 437, 147 S.W.2d 656; Crescent Planing Mill Co. v. Mueller, Mo.Sup., 117 S.W.2d 247, 118 A.L.R. 709. For additional citations, see Missouri Appellate Jurisdiction, Student Symposium, Washington University Law Quarterly, December, 1964, § 1.021(c), p. 459, fn. 63.

The meaning of the constitutional provisions cited is not in dispute. The controversy turns on the question whether the commission had jurisdiction to conduct a hearing upon its own motion or upon complaint, under § 386.310, RSMo 1959, V.A.M.S., or whether under later-enacted § 389.640 the application for a hearing of a matter of this kind must be made by a railroad, or county, municipality or other public authority. A determination of this question involves a construction or interpretation of these and perhaps other sections of the statutes. If § 386.310 applies the commission had jurisdiction. If § 389.640 and not § 386.310 applies, and if § 389.640 means what appellant contends that it means, the commission did not have jurisdiction. This is a question of statutory construction within the competence and jurisdiction of the court of appeals, which can be made without the necessity of any construction of the 14th amendment or of the other constitutional provisions cited. This appeal presents no dispute or controversy as to the meaning of these constitutional provisions. Roseberry v. Crump, Mo.Sup., 345 S.W.2d 117, and cases cited.

■ There is no other ground upon which to invoke the jurisdiction of this Court. Although the State of Missouri is named by relator in the caption, and although the state may be interested in the outcome of the litigation from the standpoint of public safety, the use of the words "State of Missouri" in the caption in a certiorari review is technical and formal only, and does not serve to make the State of Missouri a "party to the action" so as to confer jurisdiction of the appeal on this Court. The state is not a party to the record in its official name and character. The appellant jurisdiction of the Supreme Court over certiorari proceedings depends upon a showing made in each case that the case is "within one of the classes of causes over which the supreme court has jurisdiction by the constitution." State ex rel. Harrison County Bank v. Springer, 134 Mo. 212, 35 S.W. 589, 590; Houts, Missouri Pleading and Practice, Vol. 4, § 1402, p. 692.

■ Nor does this Court have jurisdiction on the ground that a "state officer" is a party. The public service commission is not a "state officer" within the meaning of Article V, § 3 of the state constitution, and jurisdiction does not attach by reason of the fact that the commission is a party to the action. American Petroleum Exchange v. Public Service Commission, Mo. Sup., 172 S.W.2d 952, 954; State ex rel.

Gehrs v. Public Service Commission, 338 Mo. 177, 90 S.W.2d 390.

The cause is transferred to the Kansas City Court of Appeals.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.