STATE of Missouri ex rel. James R. SPRADLING, Director of Revenue, and John C. Danforth, Attorney General, Relators,

v.

The Honorable Keith P. BONDURANT, Judge, Circuit Court of Missouri, Sixteenth Judicial Circuit, Division No. 6, at Kansas City, Respondent.

No. KCD 26443.

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for relators.

James A. Kushner, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for respondent.

ORIGINAL PETITION FOR WRIT OF PROHIBITION

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

DIXON, Chief Judge.

Relators, the Attorney General of Missouri and the Director of Revenue of Missouri, are seeking to prohibit respondent from further proceeding, or attempting to exercise jurisdiction, in a declaratory judgment action pending in the Circuit Court of Jackson County.

The facts, essential to a ruling and undisputed, are as follows: Andrew Douglas, plaintiff in the action below, filed a petition in respondent's court for a declaratory judgment alleging that certain provisions of Chapters 302 and 303 of The Driver's License Act and the Motor Vehicle Safety Responsibility Law were unconstitutional as applied to the plaintiff. The action was filed against relators in their official capacities as those state officers responsible for enforcing the provisions of these statutes. Summons was issued and served upon the Assistant Collector of Revenue and the Assistant Attorney General in their respective branch offices located and maintained in Kansas City, Missouri. Motions to quash summons were filed on behalf of relators claiming improper venue, inasmuch as relators' offices were maintained in Jefferson City, their principal and official duties with respect to these statutes were performed in Jefferson City and that the law (§ 303.045 R.S.Mo.1969, V.A.M.S.) required that records of the Safety Responsibility Law be kept in Jefferson City. The motions were overruled by respondent, and on relators' petition, a preliminary rule was granted by this court.

The issue here is primarily one of venue. It is the relators' contention that respondent was without any jurisdiction in the suit because the venue was in Cole County, and not in Jackson County. Accordingly, relators argue that their motion to quash summons because of improper venue should have been sustained. Respondent takes the position that the general venue

statute, § 508.010 R.S.Mo.1969, V.A.M.S., authorizes such suits "either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found." The argument is that venue lies in Jackson County because relators through their agents operating branch offices reside in Jackson County and can be found in Jackson County.

The fault with respondent's position is that it stands decided by our State Supreme Court en banc that the venue of actions against executive heads of departments of state government can lie only in Cole County, where their official residences are located and their principal duties performed. State ex rel. Toberman v. Cook, 365 Mo. 274, 279, 281 S.W.2d 777, (banc 1955). See also, State ex rel. Dalton v. Oldham, 336 S.W.2d 519, 523 (Mo. banc 1960) and State ex rel. Gardner et al. v. Hall, 282 Mo. 425, 435, 221 S.W. 708, 712 (banc 1920). In the *Cook* case, relators, respectively, the Secretary of State, the Director of Revenue of Missouri and the Superintendent of the Missouri State Highway Patrol, sought to prohibit respondent circuit judge from attempting to exercise jurisdiction over their persons in a declaratory judgment action brought in the Circuit Court of Jackson County. Plaintiffs claimed that Jackson County had jurisdiction under special venue provisions regarding the validity of administrative agency rules. (Section 536.050 RSMo 1969, V.A.M.S.). The Supreme Court held, first, that unless a special venue statute provided otherwise, the venue of actions against state executive department heads would only lie in the county where their offices are located and their principal official duties are performed. The court further concluding that plaintiffs' petition sought judicial construction of a statute rather than a rule held that the special venue provisions of Section 536.050 did not apply.

■ The Missouri Constitution provides that executive officials and departments "shall establish their principal offices and keep all necessary public records, books and papers at the city of Jefferson." Mo. Const. Art. IV, § 20, V.A.M.S. That the Attorney General and Department of Revenue are part of our State's executive department is without question. Mo.Const. Art. IV, § 12. Moreover, by statute, the official residence of both relators is in Jefferson City. §§ 32.040, 27.010 R.S.Mo. 1969, V.A.M.S. In light of the above cases, constitutional provisions and statutes, proper venue in this suit lies in Cole County, Missouri, and not Jackson County.

■ Lack of venue is a defect of a jurisdictional nature which authorizes issuance of prohibition. State ex rel. O'Keefe v. Brown, 361 Mo. 618, 235 S.W.2d 304 (banc 1951), State ex rel. Bartlett v. McQueen, 361 Mo. 1029, 238 S.W.2d 393 (banc 1951), State ex rel. Minihan et al. v. Aronson, 350 Mo. 309, 165 S.W.2d 404 (1942), State ex rel. Boll v. Weinstein, 365 Mo. 1179, 295 S.W.2d 62 (banc 1956).

■ In a further attempt to support the jurisdiction of the respondent, counsel asserts that if the venue is construed so as to deny such jurisdiction, it is unconstitutional, as violative of the 14th Amendment of the Federal Constitution. It is doubtful if this issue is raised in timely fashion since it is first asserted in an amended return to the preliminary writ. State v. Lock et al., 302 Mo. 400, 424, 259 S.W. 116, 125 (banc 1924), State v. Brookshire, 325 S.W.2d 497 (Mo.1959), Kansas City v. Howe, 416 S.W.2d 683 (Mo.App.1967). In any event, the return does not properly raise the issue since it is a bare assertion that the denial of venue in Jackson County deprives the plaintiff in the suit below of due process because he is indigent, but fails to show how that indigency and the venue rule taken together constitute a denial of due process. State ex rel. Chicago, R. I. & P. R. Co. v. Public Service Comm'n, 429 S.W.2d 723, 725–726 (Mo. 1968), transferred to 441 S.W.2d 742 (Mo. App.1969). The mere assertion that a pro-

**530**

vision of the Constitution has been violated, absent the allegation of supporting facts, only demonstrates a legal conclusion and does not constitute a sufficient statement of facts. Chicago, R. I. & P. R. Co. v. Public Service Comm'n, supra, 429 S. W.2d at 726. Moreover, "it is not sufficient that certain sections of the Constitution be set out and the assertion made that rights thereunder have been violated but the facts which constituted such violation must be set out." Kansas City v. Reed et al., 358 Mo. 532, 216 S.W.2d 514 (1948), citing State ex rel. Kenosha Auto Transport Corp. v. Flanigan, 349 Mo. 54, 159 S. W.2d 598 (banc 1942). As the Attorney General properly argues, a factual determination of any real effect of the plaintiff's indigency or his ability to pursue his action in Cole County is not demonstrated.

The preliminary rule is made permanent.

All concur.