**Frances BLANKENSHIP, Relator,**

v.

**The Honorable Milton A. SAITZ, Judge, Division 17, Circuit Court of the County of St. Louis, Missouri, Respondent.**

No. 49173.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 1984.

Application to Transfer Denied
Jan. 15, 1985.

Stephen H. Ringkamp, St. Louis, for relator.

Raymond C. Lewis, Jr., Columbia, for respondent.

STEWART, Presiding Judge.

This is a proceeding in prohibition. The respondent upon motion dismissed relator's damage suit on the grounds of forum non conveniens. We issued our preliminary writ of prohibition.

Relator filed a suit seeking damages for medical malpractice in St. Louis County on April 11, 1984. She filed an identical suit in Cole County on April 16, 1984. The actions allege malpractice by E. David Scott, M.D., E. David Scott Medical Services, Memorial Community Hospital Association of Jefferson City, Sisters of St. Mary, Jefferson City Radiologists, Inc. and Byron E. Watts, M.D. The petition alleges that the medical treatment giving rise to the action was rendered in Jefferson City, Cole County. Relator resides in the city of Fulton, Callaway County, approximately 25 miles from Jefferson City. The registered agent for the Sisters of St. Mary is located in St. Louis County.

The trial court sustained the motions of all defendants to dismiss for forum non conveniens. The sole issue formed by the parties is whether the doctrine of forum non conveniens is available as to actions in which there are two or more forums available within the State of Missouri. Relator does not contend that the trial court abused its discretion if the doctrine of forum non conveniens is viable as to intrastate cases.

The parties are agreed that the Circuit Court of St. Louis County has jurisdiction of the subject matter and is a proper venue for the action. Cole County is also an available forum for the action.

██ The doctrine of forum non conveniens has been recognized as an arm of the courts of this state requiring no statutory authority for its application. *Loftus v. Lee,* 308 S.W.2d 654, 661 (Mo.1958); *Elliott v. Johnston,* 365 Mo. 881, 292 S.W.2d 589, 593 (Mo.1956); as instructive see *Torres v. Walsh,* 98 Ill.2d 338, 74 Ill.Dec. 880, 456 N.E.2d 601 (Ill.1983). The doctrine cannot be applied by the trial court unless the court in which the action is filed has jurisdiction of the subject matter and venue is proper. *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 504, 67 S.Ct. 839, 840, 841, 91 L.Ed. 1055 (1947). The doctrine is "to be applied with caution and only upon a clear showing of inconvenience and when the ends of justice require it." *Loftus v. Lee, supra.*

██ The basic factors to be weighed in making a determination whether to invoke the doctrine of forum non conveniens include the "place of accrual of the cause of action, location of witnesses, the residence of the parties, any nexus with the place of suit, the public factor of the convenience to and burden upon the court, and the availability to plaintiff of another court with jurisdiction of the cause of action which affords him a forum for his remedy." *State ex rel. R.I. & P.R. Co. v. Reiderer,* 454 S.W.2d 36, 39 (Mo. banc 1970).

██ The reported cases in Missouri have concerned non-residents of this state.[1] There are no cases limiting the application

---

1. Respondent has referred us to a file in this court in which we refused to issue our preliminary writ of prohibition where they claim the facts were similar to those in this proceeding.

The denial of an application for a writ of prohibition is not a ruling on the merits of the cause and has no precedential value and may not be relied upon as authority.

of the doctrine to such cases. If the rationale for the use of the doctrine of forum non conveniens is sound then it follows that the doctrine should apply to all cases in which the basic factors are present. It has been said the plaintiff may not by the choice of an inconvenient forum "vex," "harass" or "oppress" the defendant by inflicting upon him expenses or trouble not necessary to his own right to pursue his remedy. *Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508, 67 S.Ct. at 843. The ultimate decision rests within the sound discretion of the trial court which is reviewable only for abuse of discretion. "Discretion is abused only if the ruling is against the logic of the circumstances and if reasonable men could not differ as to the decision." *Carwell v. Copeland*, 631 S.W.2d 669, 670–671 (Mo. App.1982). Relator does not raise this issue.

The dismissal for forum non conveniens is of its very nature, a dismissal without prejudice so that plaintiff may pursue his remedy.

Our preliminary writ of prohibition heretofore issued is quashed.

SMITH and CRANDALL, JJ., concur.