STATE ex rel. Charles R.
WILLMAN, M.D., Relator,

v.

Honorable William J. MARSH, Judge
Circuit Court of Jackson County,
Respondent.

No. 68197.

Supreme Court of Missouri,
En Banc.

Dec. 16, 1986.

John C. Milholland, Harrisonville, for relator.

Michael L. Taylor, R. Dan Boulware, St. Joseph, for respondent.

RENDLEN, Judge.

The Honorable William J. Marsh (hereinafter respondent) of the Circuit Court of Jackson County granted Dr. James J. McMillen's and Dr. Steven K. Krueger's, (hereinafter defendants) alternative motion to dismiss plaintiff, Charles R. Willman's (hereinafter relator) action in tort for improper venue while overruling as moot, defendants' motion to dismiss under the doctrine of forum non conveniens. The Western District Court of Appeals denied relator's petition in mandamus wherein he sought reinstatement of his claim in the circuit court. Subsequently, on relator's petition here, this Court issued its preliminary writ of mandamus, now made peremptory.

The underlying facts, framed in relator's petition, are these:

Relator was the attending physician for Bobby Fanning (hereinafter Fanning) at Methodist Medical Center, a general hospital located in St. Joseph, Buchanan County, Missouri. Dr. William Hamaker (hereinafter Hamaker) and relator allegedly "made a contract" for Hamaker to undertake part of Fanning's treatment which was to be provided at St. Luke's, a hospital, in Kansas City, Jackson County, Missouri. This "contract" was necessary because relator had no staff privileges at St. Luke's. Defendants then, with approximately sixty other individuals, two hospitals, and one insurance company "tortiously and with deliberate intent" conspired to induce Hamaker to breach the "contract" he had entered with relator. Relator further alleged that the "wrongfully induced breach of contract occurred in Jackson County."

Although the parties have briefed the issue of forum non conveniens only the issue of whether relator's cause of action "accrued" in Jackson County or Buchanan County is now properly before the Court because respondent treated as moot the claim of forum non conveniens.

Relator, in support of his venue contention, relies upon § 508.010(6), RSMo 1978 (hereinafter § 508.010(6)), which authorizes the commencement of suit in tort actions (with exceptions not relevant here) in the county where the cause of action accrued regardless of the residences of the parties, as the basis for venue in the Jackson County Circuit Court.[1] Respondent, on the other hand, contends relator's claim was properly dismissed because the allegations that his cause of action "accrued" in Jackson County were mere conclusory statements insufficient to establish venue in Jackson County Circuit Court. Further that venue does not exist in Jackson County because at no time did defendants communicate with Hamaker or any alleged co-conspirators concerning Fanning's treatment while present in that County.

In the past we have indicated that the associating of individuals "for the purpose of causing a breach of contract [is] an unlawful conspiracy." *Rosen v. Alside,* 248 S.W.2d 638, 643 (Mo.1952). The action for such wrong sounds in tort, accordingly the question of where relator's claim "accrued" must be analyzed under principals established in cases sounding in tort. *See Alside,* 248 S.W.2d at 643. A litigant cannot establish venue in a particular county through a "mere allegation" that venue is proper there. *State ex rel. Walter H. Toberman v. Cook,* 281 S.W.2d 777, 780 (Mo. 1955). While the petition here may be ripe for a motion to make more definite and certain, such challenge has not been lodged and the sole issue presented is whether relator states a cause of action under § 508.010(6) fixing venue in Jackson County. *Id.*[2] In *Cook,* plaintiffs contended that venue was proper in Jackson County under § 536.050, RSMo 1949 (hereinafter § 536.050), which prescribed venue in actions for declaratory judgment challenging the validity of rules or the threatened application of rules promulgated by administrative agencies.[3] However venue in *Cook* could not be established under § 536.050 as plaintiffs had not put in issue the validity of a rule or the threatened application of a rule in their petition. Because § 536.050 was inapplicable, and venue could not otherwise be maintained in Jackson County, our preliminary rule in prohibition preclud-

1. Section 508.010(6) RSMo 1978 provides:
   In all tort actions the suit *may be brought in the county where the cause of action accrued regardless of the residence of the parties,* and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published. (Emphasis added.)

2. Defendants have submitted affidavits to this Court stating that they neither reside nor maintain offices in Jackson County. Relator has not furnished counter-affidavits contesting those matters. While relator's failure to file counter-affidavits might be important if this were a proceeding for summary judgment, we are here dealing with an alternative motion to dismiss for improper venue or forum non conveniens and such counter-affidavits are neither required nor necessary for disposition of the issue before us.

3. Section 536.050, RSMo 1949 provided:
   **Declaratory judgments respecting the validity of rules.**
   —The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented. The venue of such suits against agencies shall, at the option of the plaintiff, be in the circuit court of Cole county, or in the county of the plaintiff residence, or if the plaintiff is a corporation, domestic or foreign, having a registered office or business office in this state, in the county of such registered office or business office. Nothing herein contained shall be construed as a limitation on the declaratory or other relief which the courts might grant in the absence of this section.

ing the respondent trial judge from proceeding further was made absolute.

 Here, though relator's statement of the ultimate facts dispositive of this issue is perhaps less than text book model, we believe it adequate to provide a basis for venue under § 508.010(6). In *Cook*, the plaintiffs merely alleged that venue existed in Jackson County under § 536.050, but in the case sub judice relator has alleged that Hamaker contracted to perform in part, patient care for Fanning (relator's patient), at St. Luke's Hospital in Kansas City, Jackson County that defendants wrongfully induced a breach of contract, and that this wrongfully induced breach occurred in Jackson County. Hence, the import of the petition was that defendants' actions culminated in Jackson County and it was there that relator's purported injury occured and the cause of action accrued. We conclude the pleading is sufficient to establish a basis for venue of relator's cause of action in Jackson County and the preliminary writ in mandamus is therefore made peremptory. The cause is remanded for reinstatement of relator's petition and further proceedings thereon.

HIGGINS, C.J., and BILLINGS, BLACKMAR, DONNELLY and ROBERTSON, JJ., concur.

WELLIVER, J., dissents in separate opinion filed.

WELLIVER, Judge, dissenting.

I respectfully dissent. The recitation of the fact that the contract was made in Kansas City to be partially performed in Kansas City does nothing to make the bare allegation that the cause accrued in Kansas City either more or less conclusionary. The trial judge properly ruled that the bare allegation that the cause of action resulting from the alleged conspiracy to cause the contract to be breached was a conclusion. Our alternative writ of mandamus should be quashed.