**Charles R. WILLMAN, M.D., Plaintiff–Appellant,**

v.

**James J. McMILLEN, M.D., et al., Defendants–Respondents.**

No. 70268.

Supreme Court of Missouri, En Banc.

Nov. 14, 1989.

**584**

John C. Milholland, Harrisonville, for appellant.

R. Dan Boulware, Michael L. Taylor, St. Joseph, George E. Leonard, Thomas G. Ko-koruda, Reed O. Gentry, and Matthew R. Davis, Kansas City, for respondents.

Stephen H. Ringkamp, St. Louis, for amicus curiae, Missouri Ass'n of Trial Attys.

Douglas K. Rush and Andrew B. Mayfield, St. Louis, for amicus curiae, Missouri Organization of Defense Lawyers.

HIGGINS, Judge.

The appellant, a doctor living in St. Joseph, Missouri, sued two other St. Joseph doctors for tortious interference with a contract. He filed the action in Jackson County alleging that the tortious interference occurred in Jackson County and that he was damaged in Jackson County. The Circuit Court of Jackson County dismissed the suit for improper venue. By a writ of mandamus, this Court ordered the dismissal vacated. *State ex rel. Willman v. Marsh,* 720 S.W.2d 939 (Mo. banc 1986). Dr. Willman subsequently amended his petition to plead monopoly of trade and added twenty-three additional defendants. None of them resided in Jackson County; sixteen lived in Buchanan County. The Circuit Court of Jackson County again dismissed the action, this time on the ground of forum non conveniens.

On appeal of the second dismissal, the Western District declined to follow the holding of the Eastern District in *Blankenship v. Saitz,* 682 S.W.2d 116 (Mo.App. 1984), which extended the doctrine of forum non conveniens as a matter of discretion to cases involving Missouri residents on causes of action arising in Missouri. Reasoning that the doctrine of "inconvenient forum" should not be extended to create a rule of "inconvenient venue" as a judicial gloss on the Missouri venue statute, the Western District set aside the dismissal, remanded the cause to reinstate the petition in Jackson County, and transferred the case to this Court. This Court agrees with the Western District and reverses the judgment of dismissal.

The doctrine of inconvenient forum was recognized as applicable in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), where the Court af-

firmed that a federal district court can dismiss an action at law for forum non conveniens in cases where its jurisdiction is based on diversity and the subject state court has that power.

In Missouri, the doctrine has been recognized in actions that accrue outside Missouri between parties who are not Missouri residents. See discussion, *Besse v. Missouri–Pacific Railroad Co.*, 721 S.W.2d 740 (Mo. banc 1986). In those situations this Court has held that a court may, in its discretion, refuse to adjudicate a nonresident's claim although it has jurisdiction and venue is proper. The rationale purports avoidance of an unfair burden on a community of holding a trial for strangers and the duty of courts to prevent the abuse of their process. *Loftus v. Lee,* 308 S.W.2d 654 (Mo.1958).

■ The doctrine was first considered in Missouri in Federal Employers' Liability Act cases, beginning with *State ex rel. Southern Railway Co. v. Mayfield,* 359 Mo. 827, 224 S.W.2d 105 (1949). 45 U.S.C. §§ 51–60 (1982). *Mayfield* held that a Missouri court in which a nonresident had brought a FELA action might not dismiss the action solely for forum non conveniens. *State ex rel. Chicago, Rock Island and Pacific Railroad Co. v. Riederer,* 454 S.W.2d 36 (Mo. banc 1970), overruled *Mayfield* and held the doctrine of forum non conveniens is available in FELA cases in Missouri. *Riederer* set forth factors for the trial court on remand to consider in deciding whether the case should be dismissed: the place where the cause of action accrued, the location of the witnesses, the residence of the parties, the nexus with the place of suit, the convenience to and burden on the court, and the availability to the plaintiff of another court with jurisdiction over the cause. *Besse,* 721 S.W.2d at 741.

In *Elliott v. Johnston,* 292 S.W.2d 589 (Mo.1956), this Court permitted application of the doctrine to a transitory nonstatutory tort action between nonresidents of Missouri accruing outside Missouri. All parties were Kansas residents and the action arose from a Kansas automobile accident; apparently the plaintiff hoped to find some tactical advantage in the Missouri court. In those unusual circumstances, this Court stated, "There is no absolute compulsion in the privileges and immunities clause of the Constitution of the United States, Art. IV, Section 2, upon the courts of Missouri to accept jurisdiction of foreign transitory nonstatutory tort actions.... An arbitrary denial to a citizen of another state of the right to maintain an action in Missouri would not be permitted, but in the circumstances ... a distinction or denial based in part not upon citizenship but upon residence has some basis and validity and is not wholly unreasonable." *Elliott* 292 S.W.2d at 595.

Section 508.010(6), RSMo 1986, the Missouri general venue statute, reads:

In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published.

■ The legislature's language is specific, definite, and certain in its provision for a plaintiff's determination of proper venue for his suit. Under the statute, Dr. Willman properly brought his suit in the Jackson County venue as the county where the cause of action accrued. *Marsh,* 720 S.W.2d 939.

■ The respondents raise several policy questions in their argument that the Missouri courts ought to limit the venue statute by engrafting upon it an intrastate forum non conveniens device. They ask whether the plaintiff should have an unlimited right to select the forum. Section 508.010(6) is the legislature's limitation on a party in deciding where to initiate an action. Venue is within the province of the legislature, and a court must be guided by what the legislature says. The court may not engraft upon a statute provisions that do not appear explicitly or by implication

from other words in the statute. *Metro Auto Auction v. Director of Revenue,* 707 S.W.2d 397 (Mo. banc 1986).

■ The respondents ask rhetorically whether Missouri courts should be empowered to prevent abuse of their process even when jurisdiction is conferred under the general venue statutes. This begs the question. Where the legislature has provided that venue is proper in a particular county, it is not the court's role to frustrate it as suggested. An aggrieved defendant has the right of a separate action for abuse of process. *Hayes v. Hatfield,* 758 S.W.2d 470 (Mo.App.1988). Section 508.010(6) gives certainty and guards against successive shifting of the location of an action by defendants who assert they are inconvenienced by the plaintiff's statutorily-provided venue.

The respondents also ask whether the convenience of defendants who are Missouri residents should be ignored when the convenience of nonresident defendants is considered by Missouri courts by the doctrine of forum non conveniens—a quasi-equal protection argument. Within the geographical confines of Missouri, transfer from one proper venue to another proper venue for inconvenient forum is not required. The statutory designation of proper venue as the site where the cause of action accrued presupposes legislative determination that it cannot be overly inconvenient for a defendant to appear in that location.

Respondents cite several Missouri cases which do not persuade a contrary view. In *Riederer,* 454 S.W.2d at 39, this Court stated "the doctrine is to be applied uniformly on the basis of the applicable criteria irrespective of whether the case involves citizens of Missouri or citizens of other states." Respondents suggest that this passage indicates this Court intended that the doctrine of inconvenient forum be applied to intrastate actions. The quoted passage, however, deals with whether a distinction should be made between interstate FELA and non-FELA actions. There is no suggestion of a possible intrastate application of the doctrine.

Respondents cite *Blankenship,* 682 S.W.2d 116, as well as *Besse,* 721 S.W.2d 740. *Blankenship* is not the law of the state, however, and the discussion in *Besse* is not germane to this case.

Respondents also suggest that because Missouri has adopted the common law of England, which has recognized the doctrine of forum non conveniens vis-a-vis its counties, an intrastate doctrine of inconvenient forum should exist in Missouri. *Robertson v. Jones,* 136 S.W.2d 278 (Mo.1940); Section 1.010, RSMo 1986; *Holmes v. Wainright,* 102 Eng.Rep. 624 (K.B.1803). That part of English common law which Missouri has adopted, however, is the common law of England prior to the fourth year of the reign of James I, or 1607. *See id.* Research has not found any English cases dealing with the doctrine earlier than the 1803 case cited above, and such cases would not be dispositive because travel between English counties prior to 1607 would be more analogous to travel between American states than between Missouri counties.

■ Because this Court holds that Missouri's venue statute does not admit a doctrine of inconvenient forum in a case involving Missouri parties and a Missouri cause of action, it is not necessary to address whether the trial court abused its discretion.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings.

RENDLEN and BILLINGS, JJ., and CRIST, Special Judge, concur.

ROBERTSON, J., concurs in separate opinion filed.

BLACKMAR, C.J., dissents in separate opinion filed.

MORGAN, Senior Judge, dissents and concurs in dissenting opinion of BLACKMAR, C.J.

COVINGTON, J., not sitting.

HOLSTEIN, J., not participating because not a member of the Court when the case was submitted.

ROBERTSON, Judge, concurring.

With laudable deference to the role of the legislature not always present in our cases, see today's decision in *Shelton v. St. Anthony's Medical Center*, 781 S.W.2d 48 (Mo. banc 1989), the principal opinion is conveniently willing to "be guided by what the legislature says," (op. at 585), at least on the issue of forum non conveniens. As I understand it, the principal opinion holds "that Missouri's venue statute does not admit a doctrine of inconvenient forum in a case involving Missouri parties and a Missouri cause of action...." (op. at 586). To the extent that the Court eschews the words "inconvenient forum" or forum non conveniens" as the reason for a court dismissing a case, I concur.

I do not, however, read today's holding to preclude a constitutional challenge to the venue of a cause of action, even where that venue is proper under the statute. Due process requires both notice and an opportunity to be heard. The doctrine of forum non conveniens is not founded on constitutional principles; it attempts to provide a remedy for mere inconvenience. A focus on inconvenience does not, however, speak to the easily imagined circumstance in which a defendant's opportunity to be heard is substantially impaired by an otherwise proper venue, chosen from among several available to a plaintiff who seeks to harass or gain other advantage unrelated to a quest for justice.

I am content to abide the legislature's directives under the circumstances of this case. We must await a different case to determine the applicability of the due process clause to the concerns raised by the defendants in this case. On this basis, I concur in the majority's opinion.

BLACKMAR, Chief Justice, dissenting.

The principal opinion properly reflects the state of the Missouri law respecting the doctrine of *forum non conveniens*, in a series of cases in which there was no occasion to discuss the present problem. I would not draw the distinction that the Court now draws. The doctrine connotes a case brought in a venue authorized by statute, and allows the trial court to determine whether the place of trial is manifestly inconvenient. Never before have our venue statutes been construed as conferring upon a plaintiff the privilege of maintaining a suit in an inconvenient forum.

Residents of Johnson County, Kansas may suffer no great difficulty or inconvenience if they are called upon to attend a trial in Kansas City, Missouri. By contrast, it may be very inconvenient to hold a trial in the City of St. Louis when all other incidents of the case relate to Springfield and adjoining counties. *See Sperry Corporation v. Corcoran*, 657 S.W.2d 619, 621 (Mo. banc 1983), Blackmar, J., dissenting, in which there was an attempt to maintain such a case in the City of St. Louis when venue was supported only by the presence of the registered office of a corporate defendant there.

In that case the issue of *forum non conveniens* was not presented because the majority found that the cause of action stated against the corporate defendant was not the same as that stated against the other defendants, and so the venue in St. Louis was improper. But the case was overruled in *State ex rel. Bitting v. Adolf*, 704 S.W.2d 671 (Mo. banc 1986), which opted in favor of the free joinder of related claims, including claims for contribution and indemnity, in the same action. This holding promotes efficiency in litigation but opens the possibility that a case will be brought in a highly inconvenient location simply because the plaintiff can find a defendant with an actual or artificial domicile in the forum county. It demonstrates another reason why the courts should not be wholly deprived of the power to reject cases under the doctrine of forum non conveniens even though statutory venue is present. It should make no difference

whether the plaintiffs are residents or non-residents.

I am not persuaded that the venue in the present case is manifestly inconvenient. St. Joseph is approximately an hour away from Kansas City. But the relator, probably trying to test the issue, does not dispute the claim of inconvenience, and litigates only the question of power. I would not upset the circuit court's considered holding.

The principal opinion effects a narrowing of the power of the trial courts to deal with problems presented in litigation, in a way not previously directed by the case law, and contrary to the only Missouri case on the point, *Blankenship v. Saitz*, 682 S.W.2d 116 (Mo.App.1984) (another artificial domicile case with venue based on the location of a corporation's registered office). I believe that this result is not a desirable one and would opt in favor of allowing the trial courts discretion.

I would affirm the judgment of dismissal.