**Melissa FRIBERG, Plaintiff–Appellant,**

v.

**CHRYSLER MOTORS CORPORATION, et al., Defendants–Respondents.**

**No. 16082.**

Missouri Court of Appeals, Southern District, Division Two.

April 6, 1990.

Thomas Strong, Jeffrey W. Bates, Strong & Associates, P.C., Springfield, for plaintiff-appellant.

Michael J. Patton, C. Bradley Tuck, Turner, Reid, Duncan, Loomer & Patton, P.C., Springfield, for respondent Spalding & Evenflo Companies, Inc.

MAUS, Judge.

Plaintiff, Melissa Friberg, a resident of Texas County, Missouri, filed a products liability action in the Circuit Court of Greene County, Missouri, to recover for the wrongful death of her infant son as a result of a motor vehicle accident in Texas County, Missouri. The petition is in four counts and seeks recovery upon alternative theories. The defendants are as follows. Chrysler Motors Corporation, (Chrysler), a Delaware corporation, that manufactured the automobile plaintiff was driving; Hungerford Chrysler, Inc., a Missouri corporation, domiciled in Wright County, Missouri, that sold the automobile to plaintiff; Spalding & Evenflo Companies, Inc., (Spalding), a Delaware corporation, that manufactured an infant car seat in which plaintiff's son was riding; and Wal–Mart Stores, Inc., (Wal–Mart) a Delaware corporation, that sold the car seat to the plaintiff. The trial court sustained a motion of Spalding to dismiss the action upon the basis of the doctrine of forum non conveniens. Plaintiff appeals.

The petition alleges the facts summarized above. In addition, it alleges that Wal–Mart maintains an office for the transaction of its usual and customary business in Greene County, Missouri, and therefore venue is properly in Greene County, Missouri, pursuant to § 508.040.

The motion of Spalding alleges "[t]hat venue in the within action is not proper in the Circuit Court of Greene County, Missouri". It moves the court to dismiss the action or in the alternative to change the venue of the action to the Circuit Court of Texas County, Missouri, pursuant to the doctrine of forum non conveniens. The trial court dismissed the action "without prejudice to the refiling thereof in Texas County, Missouri, pursuant to the doctrine of *forum non conveniens*".

The motion was neither verified nor accompanied by an affidavit. No evidence was presented at the hearing upon the motion. Insofar as the facts do not appear from the face of the petition, the following rule is applicable.

"The defendants' motions to dismiss are authorized by Civil Rule 55.31, V.A.M.R., which says that certain defenses, including the pendency of another action, 'and other matters' may be raised by motion. This kind of motion may go beyond the face of the pleadings; it has been called a 'speaking motion.' ... But unless the grounds for the motion are uncontroverted, they must be supported by affidavits, records or other evidence. In other words, the motion does not prove itself; the movant has the burden of proving its substance...." *Fine v. Waldman Mercantile Company*, 412 S.W.2d 549, 551 (Mo.App.1967). (Citations omitted.)

Spalding argues certain facts are shown by answers to interrogatories in the record. However, the motion did not allege any facts. Until received in evidence, sources such as those answers do not constitute evidence within the criteria quoted above.

However, in suggestions before the trial court, Spalding argued the doctrine was applicable because the plaintiff lived in Texas County, Missouri, the cause of action accrued in that county, there were numerous witnesses in that county, and the action had no nexus with Greene County, Missouri. Such facts were apparently considered by the trial court and, for the purposes of this appeal, will also be considered.

It is appropriate to note that at the time the action was dismissed, *Blankenship v. Saitz*, 682 S.W.2d 116 (Mo.App.1984), which extended the doctrine of forum non conveniens to cases involving Missouri residents in causes of action arising in Missouri, had been decided. Shortly before oral argument, *Willman v. McMillen*, 779 S.W.2d 583 (Mo. banc 1989), was decided.

In *Willman*, a resident of Buchanan County brought an action in the Circuit

Court of Jackson County against twenty-five individual defendants for tortious conduct that allegedly occurred in Jackson County. Presumably, all defendants were residents of Missouri. Eighteen defendants lived in Buchanan County. The trial court dismissed the action on the basis of the doctrine of forum non conveniens. The Supreme Court reversed and remanded. In so doing, the court stated:

> "Within the geographical confines of Missouri, transfer from one proper venue to another proper venue for inconvenient forum is not required. The statutory designation of proper venue as the site where the cause of action accrued presupposes legislative determination that it cannot be overly inconvenient for a defendant to appear in that location." *Id.* at 586.

In oral argument, Spalding sought to distinguish *Willman* on the basis that in *Willman* all defendants were residents of Missouri. Its argument was that *Willman* is limited to the facts contained in that portion of the summary in the reporter which reads as follows: "held that venue statute did not admit a doctrine of inconvenient forum in a case involving Missouri parties and a Missouri cause of action." *Id.* at 584. It further argued that the case has no connection with Greene County, Missouri, and the plaintiff should be denied the right to forum shop.

■ An extended discussion is not necessary. The concept of the doctrine of forum non conveniens is that in certain limited circumstances the courts of one state, on a state-wide basis, may, in the exercise of discretion, refuse to entertain an action more appropriately heard in another state. The factors properly considered are set forth in cases such as *Besse v. Missouri Pacific R. Co.*, 721 S.W.2d 740 (Mo. banc 1986), cert. denied, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987), and *State ex rel. Chicago, R. I. & P. R. Co. v. Riederer*, 454 S.W.2d 36 (Mo. banc 1970). Also see Annots., Doctrine of Forum Non Conveniens—Torts, 92 A.L.R.3d 797 (1979); Prod-

ucts Liability—Forum Non Conveniens, 59 A.L.R.3d 138 (1974); Foreign Action—Refusal to Entertain, 48 A.L.R.2d 800 (1956).

■ The doctrine of forum non conveniens is not properly applied to establish that within a state, venue is subject to the discretion of the court.

> " 'Indeed the doctrine of forum non conveniens can never apply if there is absence of jurisdiction or mistake of venue....' " *Elliott v. Johnston*, 365 Mo. 881, 886, 292 S.W.2d 589, 593 (1956), quoting *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 504, 67 S.Ct. 839, 841, 91 L.Ed. 1055, 1060 (1947).

*"Blankenship* is not the law of the state". *Willman v. McMillen*, supra at 586. With that background, it is apparent that *Willman* is applicable to this case even though all but one of the defendants are nonresidents. The judgment is reversed and the case is remanded.

HOGAN, C.J., and FLANIGAN, P.J., concur.