**Debra JONES, Appellant,**

v.

**Robert OVERSTREET,
et al., Respondents.**

No. 62378.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 21, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 27, 1993.

Application to Transfer Denied
Dec. 21, 1993.

Michael A. Gross, St. Louis, for appellant.

Robbye Hill Toft, St. Louis, for respondents.

CARL R. GAERTNER, Presiding Judge.

Plaintiff, Debra Jones, appeals from the trial court's order dismissing her personal injury action against defendants, Associated Wholesale Grocers, Inc. (Associated) and Robert Overstreet.

On March 21, 1987, Overstreet, an employee of Associated, was driving an Associated semi-tractor trailer in Fort Smith, Arkansas, when he struck Jones' stopped automobile. Jones, who resides in Fort Smith, suffered injuries to her back, neck and arm. She initially received treatment at St. Edward Hospital's emergency room in Fort Smith. Two Fort Smith physicians, an orthopedic surgeon and neurosurgeon, later examined her. On December 9, 1991, Dr. Fredric Simowitz, a St. Louis neurologist, examined Jones and determined she will eventually have to have surgery. However, he "made no definite arrangement to follow Ms. Jones on a regular basis, as she lives in Arkansas."

Overstreet resides in and Associated's offices are located in Springfield, Missouri. However, Associated maintained a registered

agent for service of process in St. Louis. Pursuant to § 508.010 RSMo.1986, Missouri's general venue statute, Jones filed suit against defendants in St. Louis City Circuit Court. Defendants immediately moved for a change of venue or, alternatively, to dismiss under the doctrine of *forum non conveniens.* In their motion, defendants argued that everything related to Jones' action, except the location of Associated's registered agent, was unconnected to the St. Louis forum: Overstreet resides in Springfield, Associated's offices are in Springfield, Jones resides in Fort Smith, the cause of action accrued in Fort Smith, the witnesses to the accident reside in Fort Smith and Jones received her medical treatment in Fort Smith.

On June 1, 1992, the trial court sustained defendants' motion to dismiss the case without prejudice, finding that the St. Louis forum was inconvenient because the accident occurred in Arkansas and Jones resides in Arkansas.

The doctrine of *forum non conveniens* generally provides that a trial court has discretion to refuse to exercise jurisdiction if the forum is seriously inconvenient for the adjudication of the action and a more appropriate forum is available to the plaintiff. *Anglim v. Missouri Pacific R. Co.,* 832 S.W.2d 298, 302 (Mo. banc 1992).

However, in *Willman v. McMillen,* 779 S.W.2d 583 (Mo. banc 1989), the Supreme Court held the doctrine has no intrastate application. *Id.* at 586. The Court noted that "[w]ithin the geographical confines of Missouri, transfer from one proper venue to another proper venue is not required" because statutorily-provided venue "presupposes legislative determination that it cannot be overly inconvenient for a defendant to appear in that location." *Id.*

In *Friberg v. Chrysler Motors Corporation,* 786 S.W.2d 923 (Mo.App.1990), the court held that in light of *Willman* a trial court was without discretion to disturb a plaintiff's choice of proper venue within the State.

Defendants do not dispute that Section 508.010 authorizes venue in the Circuit Court of the City of St. Louis, the county where Associated maintains its registered agent. *See, State ex rel. Rothermich v. Gallagher,* 816 S.W.2d 194, 197 (Mo. banc 1991).

Defendants admit, and we agree, that Greene County would be a proper and convenient forum for this case. When two statutorily appropriate Missouri venues are available to a plaintiff, a trial court has no discretion to disturb the plaintiff's venue selection pursuant to the *forum non conveniens* doctrine because the Missouri legislature has already determined that neither Missouri forum is seriously inconvenient to the defendant. *Willman,* 779 S.W.2d at 586; *Friberg,* 786 S.W.2d at 925.

The judgment of dismissal is reversed, and the cause is remanded for further proceedings.

CRANE and CRAHAN, JJ., concur.