**STATE ex rel. Douglas SHARP, et al., Relators,**

v.

**Honorable Kenneth M. ROMINES, Judge, Circuit Court of St. Louis County, Missouri, Div. 10, Respondent.**

No. 81020.

Supreme Court of Missouri, En Banc.

Feb. 9, 1999.

Robert Herman, St. Louis, for Relators.

William F. Arnet, Marvin E. Wright, Phillip J. Hoskins, Columbia, for Respondent.

PER CURIAM.

Relators filed a class action in the Circuit Court of St. Louis County. The petition asserts that the University of Missouri has charged tuition in violation of section 172.360, RSMo. A declaratory judgment, injunctive relief and refunds are the relief sought. The University of Missouri filed a motion asserting venue was improper in the city of St. Louis. The respondent judge found that venue was proper in St. Louis County but that St. Louis County was not a convenient forum for the suit. He, therefore, ordered the case transferred to Boone County. Relators seek a writ from this Court prohibiting the transfer of this case to Boone County.

Missouri's venue statutes do not permit an intrastate application of the doctrine of inconvenient forum. *Anglim v. Missouri Pacific R. Co.*, 832 S.W.2d 298, 302 (Mo. banc 1992). "The statutory designation of proper venue as the site where the cause of action accrued presupposes legislative determination that it cannot be overly inconvenient for a defendant to appear in that location." *Willman v. McMillen*, 779 S.W.2d 583, 586 (Mo. banc 1989). Having found that the defendant in the underlying cause is subject to venue in St. Louis County, the respondent was not permitted to order the case transferred to another county on the basis of forum non conveniens.

---

The preliminary order in prohibition is made permanent.

BENTON, C.J., and LIMBAUGH, COVINGTON, WHITE and WOLFF, JJ., and BARNEY and KAROHL, Special Judges, concur.

PRICE and HOLSTEIN, JJ., not participating.