

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, ex rel., PALMER NEVILLE, JAMES W. NEVILLE, JR., and JENNIFER NEVILLE, | ) ) ) ) ) | |
| Relators, | ) ) ) | |
| v. | ) ) | WD77342 |
| | ) | |
| THE HONORABLE JACK R. GRATE, | ) ) ) | Opinion filed: |
| Respondent. | ) ) | |

**ORIGINAL PROCEEDING IN WRIT OF PROHIBITION**

Before Writ Division: Joseph M. Ellis, Presiding, Judge,
Victor C. Howard, Judge and Lisa White Hardwick, Judge

Palmer Neville, James W. Neville, Jr., and Jennifer Neville (collectively, "Relators") have petitioned this Court for a writ of prohibition to prohibit the Honorable Jack R. Grate ("Respondent") from transferring Relators' underlying tort action[1] from the Circuit Court of Jackson County to the Circuit Court of Bates County.[2] For the following

---

[1] At the time Relators filed their writ, their underlying tort action was identified as *Neville v. Christie, et al.*, Case No. 1216-CV28023.
[2] Initially, there were two petitions for writs of prohibition filed against Respondent in this Court: ***State ex rel. Fredette v. Grate***, WD77342 (Mar. 7, 2014), and ***State ex rel. Neville v. Grate***, WD77384 (Mar. 21,

reasons, this Court's preliminary writ is made permanent.

In 2012, Relators filed their petition in the Circuit Court of Jackson County against Michael and Ava Christie and Midland Land and Cattle Company (collectively, "Defendants").[3] The petition alleges that, on October 29, 2010, Relator Palmer Neville sustained injuries as a result of an ATV accident that occurred on property owned and operated by Defendants. Relators further allege that Defendants were negligent in their entrustment of the ATV to Neville, their failure to supervise Neville, and their failure to adequately train or instruct Neville. The alleged negligent instruction, supervision, and entrustment is said to have occurred on Defendants' property in Bates County, Missouri. The accident and subsequent resulting injuries, however, are alleged to have occurred on property owned by Defendants in Linn County, Kansas.[4]

At the time of the accident, all Relators were Kansas residents as were Defendants Michael and Ava Christie. Defendant Midland Land and Cattle Company is a Kansas corporation that owns property and transacts business in Missouri. Midland Land and Cattle Company, however, does not have a registered agent in Missouri.

Defendants subsequently filed a motion to dismiss the underlying action or, in the

2014). We issued preliminary writs of prohibition in both cases and subsequently consolidated the cases for purposes of argument and disposition. Shortly before oral argument, the Fredettes voluntarily dismissed their petition for a writ of prohibition after reaching a settlement agreement with Defendants in the underlying action.

[3] Someday, LLC, a Missouri company with a registered agent in Jackson County, was originally named as a defendant in this suit. However, when Defendants moved to have Someday, LLC dismissed on the basis that Someday, LLC was pretensively joined, Relators voluntarily dismissed Someday, LLC from the case.

[4] The underlying petition alleges, *inter alia*, that Defendants' land straddles the Missouri/Kansas border, that a lodge and garage are located within Bates County, Missouri, and the subject ATV was garaged at that location, that the negligent training and instruction occurred there, as did the entrustment of the ATV, and thereafter Relator, while still on the farm, crossed over into the state of Kansas on the ATV, where the alleged injuries occurred.

2

alternative, a motion to transfer venue to Bates County, Missouri. In their motion, Defendants contended that the underlying action must be dismissed, without prejudice, because no Missouri county constitutes a proper venue under the general venue statute, § 508.010.[5] Alternatively, Defendants averred that the case must be transferred to Bates County because Bates County has the only logical nexus to the case in that the alleged negligent entrustment, supervision, and instruction occurred on Defendants' Bates County property. Relators opposed the motion, asserting that venue is proper in any Missouri county because § 508.010.5 does not prescribe a venue under the particular facts and circumstances of this case. Ultimately, Respondent granted Defendants' motion to transfer venue, and the underlying case was transferred to Bates County.

Relators then filed a petition for a writ of prohibition with this Court requesting that we prohibit Respondent from transferring the underlying action to Bates County.[6] After receiving Defendants' suggestions in opposition to Relators' writ petition, we entered a preliminary writ ordering the underlying case be transferred back to Jackson County and prohibiting Respondent from taking any further action to enforce his order transferring the underlying action to Bates County.[7]

---

[5] Unless otherwise noted, all statutory citations are to RSMo 2000 as updated through RSMo Cum. Supp. 2012.

[6] After Relators' petition for a writ of prohibition was filed, Defendants' filed a petition for a writ of mandamus against Respondent generally seeking an order directing Respondent to vacate his previous order denying Defendants' motion to dismiss the underlying action for lack of proper venue, and further directing that he sustain that motion. This Court denied Defendants' mandamus petition on April 16, 2014. *See* **State ex rel. Christie v. Grate**, WD 77405 (Apr. 16, 2014).

[7] Following the issuance of our preliminary writ, the Circuit Court of Bates County transferred the underlying case back to the Circuit Court of Jackson County. The case was then renumbered as *Neville*

3

Relators now contend that the writ of prohibition is appropriate and should be made permanent because Respondent has no authority to disturb a proper venue selection based upon a belief that another Missouri county has a more "logical nexus" to the facts and circumstances of the case. Writs of prohibition are appropriate under the following circumstances: "(1) to prevent the usurpation of judicial power when a lower court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." **State ex rel. Strauser v. Martinez**, 416 S.W.3d 798, 801 (Mo. banc 2014).

Respondent transferred venue on the basis that Bates County had the only "logical nexus" to the facts of this case. Thus, Respondent's transfer of the underlying action essentially amounted to an intrastate application of the doctrine of *forum non conveniens*. Missouri courts, however, have routinely found that the intrastate transfer of venue on the basis that one forum is more convenient than another has no application in this state. *See* **State ex rel. Sharp v. Romines**, 984 S.W.2d 500, 500 (Mo. banc 1999) ("Missouri's venue statutes do not permit an intrastate application of the doctrine of inconvenient forum."); **Willman v. McMillen**, 779 S.W.2d 583, 586 (Mo. banc 1989) (same); **State ex rel. Palmer v. Goeke**, 8 S.W.3d 193, 196 (Mo. App. E.D. 1999) (same); **State ex rel. Watts v. Hanna**, 868 S.W.2d 549, 552 (Mo. App. S.D. 1994) (same); **Jones v. Overstreet**, 865 S.W.2d 717, 718 (Mo. App. E.D. 1993) (same). In fact, Missouri limits the application of *forum non conveniens* to situations in

*v. Christie, et al.*, Case No. 1214-CV09142.

4

which "the courts of one state . . . in the exercise of discretion, refuse to entertain an action more appropriately heard in another state." *Friberg v. Chrysler Motors Corp.*, 786 S.W.2d 923, 925 (Mo. App. S.D. 1990). Thus, Missouri courts may not use the doctrine of *forum non conveniens* in order to subject venue within the state to judicial discretion. *Id.*

Since Respondent could not rely on *forum non conveniens* to justify the transfer of venue to Bates County, the only legal basis for such transfer would be if in fact venue was improper in Jackson County and proper in Bates County. **§ 476.410**; *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991). Venue in Missouri "is determined solely by statute." *State ex rel. Selimanovic v. Dierker*, 246 S.W.3d 931, 932 (Mo. banc 2008). The parties agree that, because this is a tort in which the first injury occurred outside the state of Missouri, § 508.010.5 applies. Section 508.010.5 provides:

> Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri, venue shall be determined as follows:
>
> (1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured;
>
> (2) If the defendant is an individual, then venue shall be in any county of the individual defendant's principal place of residence in the state of Missouri or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county containing the plaintiff's principal place of residence on the date the plaintiff was first injured.

Therefore, when a tort action involves an out-of-state injury, venue shall be appropriate in the Missouri county in which either the corporate defendant has a registered agent, the individual defendant has his or her principal place of residence, or the plaintiff, at the time of the injury, had his or her principal place of residence. **§ 508.010.5(1)-(2)**.

This case involves both individual and corporate defendants. However, Defendants Michael and Ava Christie do not have a principal place of residence in Missouri; nor does Defendant Midland Land and Cattle Company have a registered agent in the state of Missouri. Furthermore, on the date of the injury, Relators (plaintiffs) were not Missouri residents. Thus, § 508.010.5 does not prescribe a venue under the particular circumstances of this case.

Relators aver that because § 508.010.5 does not prescribe a venue in this case, venue is proper in any Missouri county. Conversely, Defendants contend that because the legislature did not prescribe an applicable venue under § 508.010.5, there is no Missouri county in which venue is proper.

In support of their position, Defendants point out that the legislature adopted the current venue statute in order to restrict venue options for plaintiffs so as to reduce forum-shopping. *See **McCoy v. The Hershewe Law Firm, P.C.**, 366 S.W.3d 586, 592 (Mo. App. W.D. 2012). While Defendants' contention regarding the reason for adoption of the statute is correct, it does not follow that the legislature also intended to prevent plaintiffs from asserting venue anywhere in the state of Missouri.

First, it must be recognized that venue and jurisdiction are distinct concepts.

6

Jurisdiction pertains to "the power of a court to try a case, while venue relates to the locale where the trial is to be held." ***State ex rel. Kansas City. S. Ry. Co. v. Nixon***, 282 S.W.3d 363, 365 (Mo. banc 2009). "Venue assumes the existence of jurisdiction and determines, among many courts with jurisdiction, the appropriate forum for the trial." *Id.* Accordingly, Missouri venue statutes do not affect the jurisdiction of Missouri courts.

Second, "[t]he primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." ***State ex rel. Linthicum v. Calvin***, 57 S.W.3d 855, 857-58 (Mo. banc 2001) (internal quotation omitted). While § 508.010.5 does state that it determines venue "in all actions in which there is any count alleging a tort and in which the plaintiff was first injured outside the state of Missouri," such language does not reflect an intent to deny Missouri venue in all situations not provided for by the statute. *See* ***State ex rel. Rothermich v. Gallagher***, 816 S.W.2d 194, 200 (Mo. banc 1991) (stating that "it is readily apparent that [the venue statutes] do not in express terms cover all possible situations likely to arise") (internal quotation omitted). Rather, "[t]he primary purpose of Missouri's venue statutes is to provide a convenient, logical and orderly forum for the resolution of disputes," ***State ex rel. DePaul Health Ctr. v. Mummert***, 870 S.W.2d 820, 822 (Mo. banc 1994), not to limit or control the types of parties and actions that can appear before Missouri courts.

Moreover, Defendants' interpretation of § 508.010.5 carries possible constitutional implications. "As a principle of statutory construction, this court should

7

reject an interpretation of a statute that would render it unconstitutional, when the statute is open to another plausible interpretation by which it would be valid." ***State ex rel. Kansas City Symphony v. State***, 311 S.W.3d 272, 278 (Mo. App. W.D. 2010). The open courts provision of the Missouri Constitution provides: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." **Mo. Const. art. I, § 14**. "An open courts violation is established on a showing that: (1) a party has a recognized cause of action; (2) that the cause of action is being restricted; and (3) the restriction is arbitrary or unreasonable." ***Weigand v. Edwards***, 296 S.W.3d 453, 461 (Mo. banc 2009) (internal quotation omitted). Thus, "statutes that impose procedural bars to access of the courts are unconstitutional . . . and any law that arbitrarily or unreasonably bars individuals or classes of individuals from accessing our courts in order to enforce recognized causes of action for personal injury violates the open courts provisions." ***Id.*** (internal quotation, citation, and emphasis omitted).

Under Defendants' construction of § 508.010.5, there is no available venue in Missouri for nonresident plaintiffs asserting recognized tort claims against defendants that happen not to fall within the categories enumerated in the statute. Thus, § 508.010 would effectively prevent entire groups of plaintiffs from asserting otherwise viable tort claims in a Missouri court for negligent conduct that occurred in Missouri. Therefore, if we were to accept Defendants' interpretation of § 508.010.5, we would be forced to conclude that the legislature intended § 508.010.5 to bar some, but not all, plaintiffs

8

from accessing Missouri courts despite the fact that Missouri courts possessed both subject matter and personal jurisdiction over the alleged cause of action.[8]

Defendants assert that such an interpretation does not offend Missouri's open courts provision because the legislature's ability to deny Missouri venue under § 508.010.5 is no different than the legislature's ability to eliminate a cause of action within the state of Missouri. The legislature can eliminate a cause of action without violating the open courts provision. *See* **Blaske v. Smith & Entzeroth**, 821 S.W.2d 822, 833 (Mo. banc 1991). Defendants' construction of § 508.010.5, however, does not equate to the elimination of a cause of action.

By eliminating a cause of action, the legislature is effectuating a substantive change in Missouri law that removes a cause of action that previously existed and, thus, prevents *all plaintiffs* from asserting that particular cause of action in the state of Missouri in the future. *See **id.*** Defendants' proposed interpretation of § 508.010.5 involves no such substantive change. Instead, § 508.010.5 would function as a procedural bar, allowing some plaintiffs to bring a tort claim in Missouri while simultaneously preventing other plaintiffs from asserting that same viable claim in a Missouri court.

To put things in perspective, under Defendants' interpretation of § 508.010.5,

---

[8] It is undisputed that Missouri courts have subject matter and personal jurisdiction in this case. Missouri courts have subject matter jurisdiction over civil cases, including negligent entrustment and negligent instruction or supervision causes of action. *See* **Mo. Const. art. V, § 14** ("The Circuit courts shall have original jurisdiction over all cases and matters, civil and criminal."). Moreover, Missouri courts have personal jurisdiction over Defendants in that Defendants are alleged to have committed tortious acts within the state of Missouri and Defendant Midland Land and Cattle Company owns real estate and transacts business within the state of Missouri. *See* **§ 506.500.1**.

there is no available Missouri venue for Relators because there is no prescribed venue under § 508.010.5 that pertains to the facts of this case; thus, Relators, and all other similarly situated plaintiffs, would be precluded from asserting this otherwise viable cause of action for negligent acts committed in Missouri. However, if we had a situation involving these same parties asserting this same exact cause of action save for the fact that Defendant Midland Land and Cattle Company had a registered agent in the state of Missouri, Relators would undeniably have venue and, therefore, would be able to assert this very cause of action in a Missouri court. Such an arbitrary distinction as to which group of plaintiffs would have access to Missouri courts is certainly unreasonable especially given the fact they would all be asserting the same cause of action for negligent acts committed in Missouri.

Accordingly, Defendants' interpretation of § 508.010.5 would produce an arbitrary and unreasonable procedural bar that would prevent classes of individuals from accessing Missouri courts to assert otherwise viable causes of action for personal injuries. Thus, we perceive that our Supreme Court would find that it violates Missouri's open courts provision,[9] and we will not presume the legislature intended to adopt an

---

[9] Defendants also assert that their interpretation of § 508.010.5 does not conflict with the Missouri Constitution because Missouri courts have previously held that the use of the doctrine of *forum non conveniens* to prevent a particular action from being heard within the state of Missouri does not violate the open courts provision. *See* **Loftus v. Lee**, 308 S.W.2d 654, 660 (Mo. 1958); **Elliot v. Johnston**, 292 S.W.2d 589, 595 (Mo. 1956). In both *Loftus* and *Elliot*, however, the Missouri Supreme Court did not categorically exclude a class of plaintiffs from accessing Missouri courts. Instead, the Court reviewed the trial court's dismissal of the plaintiffs' causes of action on the basis of *forum non conveniens.* More importantly, in recognizing the doctrine of *forum non conveniens* is applicable in Missouri, the Court warned that "the doctrine of forum non conveniens is an arm of the courts of this State to be applied with caution and only upon clear showing of inconvenience of forum and when the ends of justice require it." **Loftus**, 308 S.W.2d at 661. Accordingly, neither *Loftus* nor *Lee* support Defendants' position that a statute prohibiting a class of plaintiffs from asserting venue in the state of Missouri would not violate the

unconstitutional statute unless it clearly appears otherwise. ***Spradlin v. City of Fulton***, 924 S.W.2d 259, 262-63 (Mo. banc 1996) ("[T]he legislature's acts are presumed constitutional. When a constitutional and an unconstitutional reading of a statute are equally possible, this Court must choose the constitutional one.") (internal citation omitted).

Consequently, we are left to the conclusion that the legislature did not intend to prescribe a particular venue under the present set of circumstances. Thus, it follows that, under the facts of this case, venue is proper in any Missouri county, including Jackson. Respondent, therefore, was without discretion to disturb Relators' choice of venue by transferring the underlying case to Bates County. *See **Dierker***, 246 S.W.3d at 933 ("A trial court is without discretion to disturb a plaintiff's choice of proper venue.").

Alternatively, Defendants assert that we should quash our preliminary writ because Relators waived any argument that venue was improper in Bates County. Defendants base their assertion on the fact that, by arguing venue is proper in any Missouri county under § 508.010.5, Relators are necessarily conceding that Bates County is a proper venue under the circumstances of this case. While it is true that Relators aver venue is proper in any Missouri county, including Bates, that does not constitute an affirmative waiver of their argument that Respondent lacked the authority to transfer this case from Jackson County to Bates County. Rather, "[w]hen a party moves to dismiss or to transfer the case on the basis of venue, the plaintiff has the burden of showing that venue is proper." ***State ex rel. Bank of Am. N.A. v. Kanatzar***,

open courts provision of the Missouri Constitution.

11

413 S.W.3d 22, 26 (Mo. App. W.D. 2013) (internal quotation omitted). Relators made their argument that venue was proper in any Missouri county, including Bates, in order to establish Jackson County as a proper venue and, thus, defeat Defendants' motion to transfer venue. At no point did Relators acquiesce in Respondent's transfer of this case to Bates County. Accordingly, Defendants' waiver argument is without merit.

For the foregoing reasons, our preliminary writ of prohibition is hereby made permanent.

_____
Joseph M. Ellis, Presiding Judge
WRIT DIVISION

All concur.