**SUPREME COURT OF MISSOURI**
**en banc**



STATE OF MISSOURI *ex rel.* )
HEARTLAND TITLE SERVICES, INC., )
*f/k/a* HEARTLAND TITLE COMPANY, INC., )
AND JAMES C. DAY, )
)
Relators, )
)
v. )
)
THE HONORABLE KEVIN D. HARRELL, )
)
Respondent. )

*Opinion issued October 18, 2016*

No. SC95377

## ORIGINAL PROCEEDING IN MANDAMUS

This action involves an original proceeding for a writ of prohibition or, alternatively, a writ of mandamus filed by Heartland Title Services, Inc., and James C. Day (collectively, "Heartland") requesting this Court prohibit Respondent from dismissing one of Heartland's claims in the circuit court for lack of venue. This Court issued a preliminary writ. Because this Court holds that venue was proper in any county in Missouri, including Jackson County, the preliminary writ is made permanent.

### Factual Background

In March 2015, Heartland filed a two-count petition in the circuit court of Jackson County alleging professional malpractice claims against Paul P. Hasty, Jr., and Hasty and Associates, LLC (collectively, "Hasty"). Count II of the petition alleges a claim of professional malpractice based on Hasty's provision of legal services in a case in which

Heartland sought to become creditors in a former employee's personal bankruptcy case filed in the United States Bankruptcy Court for the District of Kansas. Hasty filed a motion to dismiss Count II for lack of venue, arguing that the tort injury alleged in Count II occurred outside Missouri. Hasty asserted the applicable venue statute, § 508.010.5,[1] limited venue to either the county in Missouri where a corporate defendant's registered agent is located or the county in Missouri where an individual defendant's principal place of residence is located. Hasty further asserted that because the individual defendant did not have his principal place of residence in Missouri and because the corporate defendant did not have a registered agent in Missouri, no county in Missouri constitutes a proper venue, including Jackson County. The circuit court agreed and dismissed Count II for lack of venue.[2] Heartland seeks relief in this Court.

**Analysis**

This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, § 4.1. "It is well-established that this Court accepts the use of an extraordinary writ to correct improper venue decisions of the circuit court before trial and judgment." *State ex rel. Kan. City S. Ry. Co. v. Nixon*, 282 S.W.3d 363, 365 (Mo. banc 2009). This Court has determined a writ of mandamus is the "appropriate remedy to

---

[1] All statutory references are to RSMo NonCum. Supp. 2014, unless otherwise noted.
[2] Hasty's motion to dismiss only raised the affirmative defense of lack of venue. When . . . the circuit court does not specify reason for dismissing a petition, an appellate court presumes that the circuit court's judgment is based on the reason stated in the motion to dismiss. *Avery Contracting v. Niehaus*, 492 S.W.3d 159, 162 (Mo. banc 2016).

reinstate a petition erroneously dismissed for improper venue." *State ex rel. Rothermich v. Gallagher*, 816 S.W.2d 194, 197 (Mo. banc 1991).

Heartland contends that venue is proper in Jackson County for Count II and that the circuit court erred in its interpretation of § 508.010.5. Before addressing the text of § 508.010.5, a brief discussion of the distinction between jurisdiction and venue is in order. Jurisdiction refers to "the power of a court to try a case[.]" *Nixon*, 282 S.W.3d at 365. Jurisdiction "is based upon constitutional principles." *Id.*

Missouri courts recognize two kinds of jurisdiction: subject matter and personal. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc. 2009). Subject matter jurisdiction refers to a court's authority to render judgment in a particular category of cases. *Id.* at 253. The Missouri constitution provides circuit courts with subject matter jurisdiction over all civil and criminal cases. Mo. Const. art. V, § 14. Personal jurisdiction, on the other hand, refers to the power of a court to require a party to respond to a legal proceeding affecting the party's rights or interests. *Id.* at 253. The requirement that a court have personal jurisdiction flows mostly from the Due Process Clause, either in the Fifth or the Fourteenth amendments to the United States Constitution. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

While subject matter jurisdiction can never be waived, personal jurisdiction is an individual right to which a party can consent. *Id.* at 703. It is not alleged that the circuit

court of Jackson County lacks subject matter jurisdiction over Count II, and the motion to dismiss does not allege lack of personal jurisdiction over either defendant.[3]

Venue, on the other hand, assumes jurisdiction and only "relates to the locale where the trial is to be held." *Nixon*, 282 S.W.3d at 365. Unlike jurisdiction, venue is not determined by constitutional principles but by the applicable rule or statute that "determines, among many courts with jurisdiction, the appropriate forum for the trial." *Id.*

In the event a party is injured outside Missouri by allegedly tortious conduct, § 508.010.5 provides, in relevant part:

> (1) If the defendant is a corporation, then venue shall be in any county where a defendant corporation's registered agent is located or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county of the plaintiff's principal place of residence on the date the plaintiff was first injured;

> (2) If the defendant is an individual, then venue shall be in any county of the individual defendant's principal place of residence in the state of Missouri or, if the plaintiff's principal place of residence was in the state of Missouri on the date the plaintiff was first injured, then venue may be in the county containing the plaintiff's principal place of residence on the date the plaintiff was first injured[.]

The parties agree, and the pleadings confirm, that § 508.010.5 does not prescribe a particular venue for the facts alleged in Count II. Heartland argues that, without an express provision in § 508.010.5 prescribing a specific venue, venue is proper in *any*

---

[3] At oral argument, counsel for Hasty conceded that Jackson County had personal jurisdiction over both defendants.

Missouri county. Hasty argues the lack of an express provision in § 508.010.5 prescribing a specific venue for these parties means that *no* county in Missouri is a proper venue and, therefore, Count II was properly dismissed.[4]

This is an issue of first impression for this Court. The court of appeals, however, addressed a similar issue in *State ex rel. Neville v. Grate*, 443 S.W.3d 688 (Mo. App. 2014). In *Neville*, a plaintiff filed an action in Jackson County for a tort claim related to an injury that occurred in Kansas. *Id.* at 690–91. The corporate defendant owned property and transacted business in Bates County, Missouri, and plaintiffs alleged that some of the tortious actions that caused the injury in Kansas occurred on defendant's Missouri property. *Id.* As in the present case, the individual defendant did not have his principal place of residence in Missouri and the corporate defendant had no registered agent in Missouri. *Id.* at 691. The defendants moved to dismiss the case for lack of venue or, in the alternative, to transfer the case from Jackson County to Bates County. *Id.* The circuit court transferred the case to Bates County. *Id.* The court of appeals held that venue was proper in Jackson County. *Id.* at 695. The court explained that the language of § 508.010.5 "does not reflect an intent to deny Missouri venue in all situations not provided for by the statute" and without an express prescription of a particular venue, venue was "proper in any Missouri county, including Jackson." *Id.* at 693, 695.

---

[4] Each count must pass venue muster. *See, e.g.*, *State ex rel. Jinkerson v. Koehr*, 826 S.W.2d 346, 348 (Mo. banc 1992).

Hasty argues that *Neville* is distinguishable because it is "limited to its facts, which involved negligent conduct in Missouri;" "[t]herefore, in the absence of any nexus to Missouri, the rule in . . . *Neville* has no application" to this case. Hasty's argument, in essence, is that § 508.010.5 requires a "nexus" to Missouri that would be akin to a minimum contacts requirement for personal jurisdiction. This argument confuses the requirements for venue with the requirements of jurisdiction. *See, e.g.*, *Andra v. Left Gate Prop. Holding*, 453 S.W.3d 216, 225 (Mo. banc 2015); *Nixon*, 282 S.W.3d at 365.

As explained by the court in *Neville*, such a construction of § 508.010.5(1) and (2) is not in accord with the purpose of the venue statutes, which is to "provide a convenient, logical and orderly forum for the resolution of disputes, not to limit or control the types of parties and actions that can appear before Missouri courts." 443 S.W.3d at 693 (internal citation omitted); *see also State ex rel. McDonald's Corp. v. Midkiff*, 226 S.W.3d 119, 123 (Mo. banc 2007). Moreover, this Court has held that when venue is improper, the circuit court has a "ministerial duty" to transfer the case to a county where venue is proper. *See Nixon*, 282 S.W.3d at 365; § 476.410, RSMo 2000. The requirement to transfer a case to the proper venue when it is filed in an improper venue supports the interpretation that § 508.010.5 is not intended to bar litigation when a circuit court in Missouri has jurisdiction.[5] To interpret § 508.010's silence as barring venue in any Missouri county in which the circuit court's jurisdiction is not contested would lead

---

[5] Similarly, the federal analog for venue provides, in relevant part, that "if there is **no district** in which an action may otherwise be brought as provided in this section, [a civil action may be brought in] **any judicial district in which any defendant is subject to the court's personal jurisdiction** with respect to such action." 28 U.S.C. § 1391(b)(3) (emphasis added).

6

to the absurd result of precluding a forum to a party in which a Missouri court has subject matter jurisdiction of the case and personal jurisdiction over the defendant. *See, e.g.*, *State ex rel. Jackson v. Dolan*, 398 S.W.3d 472, 479 (Mo. banc 2013); *801 Skinker Boulevard Corp. v. Dir. of Revenue*, 395 S.W.3d 1, 5 (Mo. banc 2013).

Hasty argues that interpreting § 508.010.5 to allow venue in any Missouri county where the circuit court has jurisdiction will encourage forum shopping, which could inundate the circuit courts, particularly those located in larger metropolitan areas, with cases from outside Missouri. First, this argument neglects the reality that both subject matter jurisdiction and personal jurisdiction are prerequisites to proceeding in Missouri courts. Second, this argument neglects that the General Assembly requires both limited liability companies and corporations, whether foreign or domestic, to register an agent in Missouri if conducting business in the state, *see* § 347.030.1(2) (Missouri limited liability companies); § 347.0153 (foreign limited liability companies); § 351.370.1(2) (Missouri corporations); § 351.586(2) (foreign corporations), and provides venue for those entities. *See* § 347.069.2 (Missouri limited liability companies); § 347.167 (foreign limited liability companies); § 508.010 (Missouri and foreign corporations). It is unreasonable to interpret the venue statute in a manner that would encourage limited liability companies and corporations to not follow the law and appoint a registered agent. Third, the General Assembly is presumed to know this Court has not abolished the doctrine of *interstate*[6] forum non conveniens, *State ex rel. Howard Elec. Co-op. v. Riney*, 490 S.W.2d 1, 9 (Mo.

_____

[6] Missouri does not recognize *intrastate* forum non conveniens, which would permit a circuit court to transfer venue from one proper county under the venue statute to another proper county under the venue statute. *State ex rel. Sharp v. Romines*, 984 S.W.2d 500, 500 (Mo. banc 1999).

7

1973) (noting that the General Assembly is presumed to know the law, including this Court's prior decisions, in enacting statutes), which would permit a circuit court to dismiss the rare case in which jurisdiction and venue are present but defending in the forum would be such a hardship on the defendant that it warrants dismissal and refiling the case in another jurisdiction. *See, e.g.*, *State ex rel. Wyeth v. Grady*, 262 S.W.3d 216, 220 (Mo. banc 2008); *State ex rel. K-Mart Corp. v. Holliger*, 986 S.W.2d 165, 169 (Mo. banc 1999).

## Conclusion

In conclusion, if personal and subject matter jurisdiction are established, venue is proper in any county in Missouri in the absence of an express provision by the General Assembly restricting venue.[7] The preliminary writ of mandamus is made permanent.

_____
Zel M. Fischer, Judge

All concur.

---

[7] Because venue was proper in Jackson County, this Court need not reach Heartland's constitutional challenge to § 508.010.5. *See, e.g.*, *Lang v. Goldsworthy*, 470 S.W.3d 748, 751 (Mo. banc 2015).