

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. HEPLERBROOM, LLC, and )    *Opinion issued January 29, 2019*
GLENN E. DAVIS, )
    )
    Relators, )
    )
v. )    No. SC97200
    )
THE HONORABLE JOAN L. MORIARTY, )
    )
    Respondent. )

## ORIGINAL PROCEEDING IN PROHIBITION

HeplerBroom, LLC, and one of its partners, Glenn E. Davis (hereinafter and collectively, "Relators"), seek a writ of prohibition to prevent the circuit court from taking any further action other than ordering a legal malpractice action instituted by Donald, Dolores, and Michael Twillman (hereinafter, "Plaintiffs") to be transferred from St. Louis City to St. Charles County, where Relators maintain Plaintiffs were first injured. Section 508.010.10, RSMo Supp. 2014[1] states, "All motions to dismiss or to transfer based upon a claim of improper venue shall be deemed granted if not denied within ninety days

---

[1] All statutory references are to RSMo Supp. 2014 unless otherwise indicated.

of filing of the motion unless such time period is waived in writing by all parties." The circuit court ruled upon Relators' motion to transfer several months beyond the ninety-day period, and the parties did not waive the time period in writing. This Court holds the circuit court exceeded its authority in issuing a ruling on Relators' motion after the ninety-day period expired. The preliminary writ of prohibition is made permanent.

## Factual and Procedural History

Plaintiffs reside in St. Charles County. In February 2016, Plaintiffs entered into an agreement with PIRTEK U.S.A. (hereinafter, "PIRTEK"), a Florida-based company, to establish a local franchise for providing commercial hydraulic equipment sales and service. Before opening the franchise, Plaintiffs retained Relators to advise them about cancelling the franchise agreement and obtaining the return of their deposit. The franchise agreement was canceled in March 2016, and Plaintiffs' deposit was refunded. Immediately after the franchise agreement was canceled, Plaintiffs formed a new corporation, American Hydraulic Services, LLC (hereinafter, "AHS"), in St. Charles County offering similar products and services to PIRTEK.

In July 2016, PIRTEK brought suit against Plaintiffs in federal district court in Florida, alleging the franchise agreement's confidentiality and non-compete provisions remained effective despite the cancellation and Plaintiffs violated those provisions by operating AHS. PIRTEK sought injunctive relief and damages. Relators represented Plaintiffs in the Florida litigation.

The federal district court issued a preliminary injunction, finding the confidentiality and non-compete provisions survived cancellation of the franchise agreement in the

2

absence of a written agreement signed by both parties. The federal district court ordered Plaintiffs to cease operations at AHS. The suit was referred to arbitration and settled. Plaintiffs were fined and restricted from any competitive ownership or equity interest in the hydraulic hose business for a number of years.

On August 24, 2017, Plaintiffs filed a legal malpractice action against Relators. Plaintiffs alleged they suffered damages from Relators' alleged negligence, including: (1) attorneys' fees; (2) lost profits, wages, and income projected from 2017 through 2020; (3) expenses related to inventory, vehicles, services, supplies, maintenance, and equipment; and (4) ongoing costs of lines of credits with no means to pay those costs. Plaintiffs sought approximately $4 million in damages. The petition alleged venue was proper in St. Louis City because Relators rendered legal services from their office located there.

On October 6, 2017, Relators filed a motion to transfer for improper venue pursuant to Rule 51.045. Relators' motion argued, under *State ex rel. Selimanovic v. Dierker*, 246 S.W.3d 931, 933 (Mo. banc 2008), "first injury" in a legal malpractice action means "being subject to financial loss" for purposes of determining venue. Relators contended Plaintiffs were first injured when they were forced to cease AHS operations in St. Charles County, as evidenced by Plaintiffs' damage prayer for lost profits, wages, and income projections for AHS. Accordingly, Relators sought transfer to St. Charles County pursuant to section 508.010.4.[2]

_____

[2] Section 508.010.4 states, "Notwithstanding any other provision of law, in all actions in which there is any count alleging a tort and in which the plaintiff was first injured in the

3

On November 22, 2017, Plaintiffs filed an untimely reply to Relators' motion to transfer. For the first time, Plaintiffs alleged they were first injured in Florida when the Florida injunction was entered compelling them to cease operations; hence, no injury occurred in Missouri. Plaintiffs argued venue was proper in St. Louis City pursuant to section 508.010.5(1), which governs where venue lies against a corporation when the injury occurs outside of Missouri.[3]

Relators filed a response to Plaintiffs' reply, pointing out Plaintiffs offered contradictory bases for venue. Plaintiffs' petition alleged venue was proper in St. Louis City because Relators rendered legal services there and venue was based upon being first injured in Florida. Relators further argued, because Plaintiffs filed an untimely reply to their motion for transfer and did not demonstrate good cause for their untimely filing, Rule 51.045(c) mandated the cause be transferred to St. Charles County.[4]

The parties argued Relators' motion to transfer on November 28, 2017. At that hearing, Plaintiffs made an oral motion for the circuit court to accept their reply out of time. Two days later, Plaintiffs filed a written, supplemental motion for leave to file their reply out of time, explaining the miscalculation of the response date was inadvertent and an

___

state of Missouri, venue shall be in the county where the plaintiff was first injured by the wrongful acts or negligent conduct alleged in the action."

[3] Section 508.010.5(1) states venue is proper where the defendant corporation's registered agent is located. Relators' registered agent is located in St. Louis City.

[4] Rule 51.045(b) states, "Within 30 days after the filing of a motion to transfer for improper venue, an opposing party may file a reply. For good cause shown, the court may extend the time to file the reply or allow the party to amend it." Rule 51.045(c) states in pertinent part, "If no reply is filed, the court shall order transfer to one of the counties specified in the motion."

oversight. The circuit court took Relators' motion to transfer and Plaintiffs' request for leave to file a reply out of time under advisement.

On May 10, 2018, the circuit court entered an order overruling Relators' motion to transfer, finding Plaintiffs were first subjected to financial loss by the Florida legal proceedings. Because Plaintiffs were first injured outside of Missouri, the circuit court held venue was proper where Relators' registered agent was located, which was St. Louis City. The circuit court did not rule upon Plaintiffs' motion for leave to file their reply out of time, nor did it address Relators' argument concerning Plaintiffs' untimely reply and the application of Rule 51.045(c).

Relators sought a writ of prohibition from the court of appeals, which denied relief. Relators then filed a writ of prohibition with this Court seeking to compel the circuit court to transfer the cause to St. Charles County. On August 21, 2018, this Court issued a preliminary writ of prohibition and commanded the circuit court to take no further action in this matter, other than to show cause as to the reasons this writ should not issue, until ordered to do so by this Court.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. "The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 229 (Mo. banc 2017) (quoting *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991)). "A writ of prohibition is appropriate: (1) to prevent the usurpation of judicial power when a lower court lacks authority or

5

jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted." *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014).

"It is well-established that this Court accepts the use of an extraordinary writ to correct improper venue decisions of the circuit court before trial and judgment." *State ex rel. Heartland Title Serv., Inc. v. Harrell*, 500 S.W.3d 239, 241 (Mo. banc 2016) (quoting *State ex rel. Kansas City S. Ry. Co. v. Nixon*, 282 S.W.3d 363, 365 (Mo. banc 2009)). This Court may issue a writ directing the circuit court to "transfer a case to the proper venue, particularly when issuance of the writ is necessary to prevent unnecessary, inconvenient and expensive litigation." *Kansas City S. Ry. Co, supra*. Rulings on motions to transfer venue are reviewed for an abuse of discretion. *State ex rel. Auto Owners Ins. Co. v. Messina*, 331 S.W.3d 662, 664 (Mo. banc 2011).

**Analysis**

Relators set forth three grounds they believe entitle them to a writ directing the circuit court to transfer the cause to St. Charles County. First, Relators allege Plaintiffs were first injured in St. Charles County where they were subjected to financial loss as a consequence of the alleged legal malpractice. Second, Relators contend Plaintiffs failed to file a timely reply to their motion to transfer and Rule 51.045(c) compelled the circuit court to transfer venue because Plaintiffs did not demonstrate good cause shown for failing to file a timely reply. Finally, Relators argue section 508.010.10 mandates their motion to transfer "shall be deemed granted if not denied within ninety days of filing of the motion

6

unless such time period is waived in writing by all parties." This Court finds Relators' third argument dispositive.

Section 508.010.10 explicitly states, "All motions to dismiss or to transfer based upon a claim of improper venue shall be deemed granted if not denied within ninety days of filing of the motion unless such time period is waived in writing by all parties." The parties do not dispute the circuit court failed to rule upon Relators' motion to transfer within ninety days of its October 6, 2017 filing. Further, the parties do not contend they waived the time period in writing, which would enlarge the time period in which the circuit court could rule. Instead, Plaintiffs allege section 508.010.10's imposition of a ninety-day time limit conflicts with Rule 51.045, which does not impose any time limit for the circuit court to rule. Hence, Plaintiffs argue Rule 51.045 controls the outcome.

The Missouri Constitution gives this Court the power to "establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law." Mo. Const. art. V, sec. 5. To that end, Rule 41.02 states, "Rules 41 to 101, inclusive, are promulgated pursuant to authority granted this Court by Section 5 of Article V of the Constitution of Missouri and supersede all statutes and existing court rules inconsistent therewith."

Plaintiff correctly contends Rule 51.045(b) does not impose a time limit in which the circuit court must rule upon a motion to transfer venue. Plaintiffs also correctly note Rule 51.045 contemplates the circuit court may allow discovery on the issue of venue, which may prevent the circuit court from issuing a ruling on a motion to transfer venue within the ninety-day time period stated in section 508.010.10. However, this Court

7

declines Plaintiffs' invitation to create a conflict between these provisions that otherwise does not exist. It is evident the circuit court may comply with both the section and the rule while permitting parties to conduct discovery while litigating venue disputes. Specifically, should the circuit court determine discovery is necessary to resolve a venue dispute, section 508.010.10 expressly allows the parties to waive the ninety-day time period in writing, hence alleviating any concern the circuit court would have to rule upon a motion to transfer prematurely. *See also City of Normandy v. Greitens*, 518 S.W.3d 183, 201 (Mo. banc 2017) (holding no conflict existed between a statute and rule regarding deadlines to present an arrestee to a judge because municipalities could comply with both provisions).

When a statute's words are clear, this Court must apply its plain meaning. *State ex rel. Valentine v. Orr*, 366 S.W.3d 534, 540 (Mo. banc 2012). Relator's motion was filed October 6, 2017. Pursuant to section 508.010.10, the deadline for the circuit court to rule upon Relator's motion was January 4, 2018. The circuit court did not rule until May 10, 2018. Hence, the plain language of section 508.010.10 requires this Court to hold the circuit court's failure to rule upon Relators' motion to transfer within the ninety-day period resulted in Relators' motion being deemed granted. Hence, the circuit court lacked authority to do anything other than transfer the cause to St. Charles County. *See State ex rel. Schwarz Pharma, Inc. v. Dowd*, 432 S.W.3d 764, 769 (Mo. banc 2014).

## Conclusion

The preliminary writ of prohibition is made permanent.

                                      _____

                                        GEORGE W. DRAPER III, JUDGE

All concur.