

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| STATE EX REL. RONALD PRATER, GWENDALYN GONZALES, DEANN THOMPSON, AND LUCILLE CURTMAN, | ) ) ) ) ) | *Opinion issued April 30, 2019* |
| Relators, | ) ) | |
| v. | ) ) | No. SC97429 |
| THE HONORABLE JASON R. BROWN, | ) ) ) | |
| Respondent. | ) ) | |

### ORIGINAL PROCEEDING IN MANDAMUS

Ronald Prater, Gwendalyn Gonzales, Deann Thompson, and Lucille Curtman ("Relators") filed a petition for a writ of prohibition or mandamus requiring Respondent to transfer the underlying declaratory judgment action from Greene County to Pulaski County. This Court issued a preliminary writ of mandamus. Greene County is an improper venue because none of the defendants in the declaratory judgment action reside in Greene County. The preliminary writ of mandamus is made permanent.

## Factual Background

A vehicle driven by Dakota Ball collided with a vehicle occupied by Ronald and Juanita Prater. Mr. Prater ("Prater") was injured, and Mrs. Prater was killed. The accident occurred in Pulaski County, Missouri. Relators filed a wrongful death action against Ball in Pulaski County.[1] Prater filed a personal injury action against Ball in Pulaski County. The parties agreed to transfer the wrongful death and personal injury actions to Greene County, Missouri.

Ball's stepmother, Christina Gruendler, was insured by an auto policy issued by USAA General Indemnity Company ("USAA"). USAA filed a declaratory judgment action in Greene County against Prater, Ball, and Gruendler seeking a declaration the policy did not cover Ball. Prater resided in Miller County, Missouri, Ball resided in Maryland, and Gruendler resided in Pulaski County. Prater filed a motion to transfer venue of the declaratory judgment action from Greene County to Pulaski County because none of the defendants resided in or were served in Greene County and the accident occurred in Pulaski County. The circuit court overruled Prater's motion and ordered USAA to amend its petition by adding all wrongful death claimants to the declaratory judgment action.[2] All of the additional defendants resided in either Miller or Pulaski county.

---

[1] Lloyd Curtman was a plaintiff in the wrongful death action. Mr. Curtman died prior to the underlying writ proceeding.

[2] Section 508.012, RSMo Supp. 2005, provides: "At any time prior to the commencement of a trial, if a plaintiff or defendant, including a third-party plaintiff or defendant, is either added or removed from a petition filed in any court in the state of Missouri which would have, if originally added or removed to the initial petition, altered the determination of venue under section 508.010, then the judge shall upon application of any party transfer the case to a proper forum under section 476.410."

Relators filed a motion to transfer venue asserting Greene County was an improper venue because no defendant resided in Greene County. The circuit court overruled the motion. Relators filed a petition for a writ of mandamus or prohibition. This Court issued a preliminary writ of mandamus.

**Analysis**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, § 4.1. Venue is determined by rule or statute. *State ex rel. Heartland Title Servs., Inc. v. Harrell* 500 S.W.3d 239, 241 (Mo. banc 2016). "It is well-established that this Court accepts the use of an extraordinary writ to correct improper venue decisions of the circuit court before trial and judgment." *Id*. (internal quotation omitted). Mandamus is appropriate if the circuit court fails to perform its ministerial duty to transfer a case from an improper venue to a proper venue. *State ex rel. DePaul Health Ctr. v. Mummert*, 870 S.W.2d 820, 823 (Mo. banc 1994).

The underlying declaratory judgment action names multiple defendants, seeks a declaration of USAA's contractual obligations, and does not involve a count alleging a tort. In cases with no count alleging a tort and involving multiple resident defendants or multiple resident and non-resident defendants, § 508.010.2, RSMo Supp. 2014, provides venue shall be in any county where any of the defendants reside.[3] Greene County is an improper venue

---

[3] Section 508.010.2 provides:
> In all actions in which there is no count alleging a tort, venue shall be determined as follows:
> (1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found;

pursuant to § 508.010.2 because none of the defendants in the declaratory judgment action reside in Greene County.[4] The circuit court failed to execute its ministerial duty to transfer the declaratory judgment action from Greene County to a proper venue.

**Conclusion**

The preliminary writ of mandamus is made permanent, and the circuit court is ordered to transfer the case to Pulaski County.

_____
Zel M. Fischer, Chief Justice

All concur.

---

      (2) When there are several defendants, and they reside in different counties, the suit may be brought in any such county;

      (3) When there are several defendants, some residents and others nonresidents of the state, suit may be brought in any county in this state in which any defendant resides;

      (4) When all the defendants are nonresidents of the state, suit may be brought in any county in this state.

[4] USAA alleged Ball is a Maryland resident and admits he was served in Maryland. USAA argues Ball should be "deemed" to reside in Greene County because his guardian ad litem is in Greene County. This argument fails because § 508.010.2 determines venue according to the defendant's residence, not a guardian ad litem's residence.

4